56 So.2d 844

In re Adoption of RIALS.

Petition of GARNIER et ux.

No. 40405.

Supreme Court of Louisiana.

Dec. 10, 1951.

Rehearing Denied Jan. 14, 1952.

George Sladovich, Jr., New Orleans, for appellants.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., George M. McCulloch, Asst. Dist. Atty., A. E. Ralston, Jr., Asst. Dist. Atty., New Orleans, for appellee.

MOISE, Justice.

Plaintiffs, Dr. and Mrs. William V. Garnier, are appealing from a judgment dismissing their petition for the adoption of Elizabeth Diane Rials, for "want of jurisdiction", and also revoking the interlocutory decree previously issued.

The child whose adoption is sought was born on July 1, 1945, at the clinic operated by Dr. Garnier in Bastrop, La. Mrs. Garnier (then Mrs. Mabel McCreight Trippe) was a nurse at the clinic, and the unmarried mother of the child surrendered the infant to her before leaving the institution. Since that time Mrs. Garnier has had possession and care of the child. Dr. and Mrs. Garnier were married in December, 1949. On February 28, 1950, they filed, in the Juvenile Court for the Parish of Orleans, petition for the adoption of Elizabeth Diane Rials (then 4½ years of age), and in the petition they allege that they were residents of the Parish of Orleans, La. (It is of particular note that the child never left Bastrop and at the time of the filing of the petition was attending kindergarten in Bastrop.) A curator ad hoc was appointed to represent the natural mother, whose whereabouts were unknown. On March 30, 1950, more than a month after filing the foregoing petition, Dr. Garnier filed a formal declaration of change of domicile from Bastrop, Morehouse Parish, La., to New Orleans, Orleans Parish, in which he declared that since the latter part of December, 1949, he had established his domicile in New Orleans at 710 St. Maurice Avenue. On April 21, 1950, plaintiffs were granted legal custody of the child, pending further orders of the court. On January 3, 1951, under Act No. 228 of 1948, LSA–R.S. 9:421–441, plaintiffs petitioned the court for final adoption of the child. After trial, hearing of evidence, and introduction of proof, the Juvenile Judge, concluding that the documents submitted by petitioners, although indicating the intention of the parties to establish residence in New Orleans, were not accompanied by "concrete acts of residence", rendered judgment denying final adoption on the question of domiciliary jurisdiction of the parties, stating that "* * * venue must exist at the time petition is filed and not at time the decree

is rendered, because a decree rendered on a petition faulty because of lack of jurisdiction, can have no validity."

Therefore, there is presented on this appeal the question of the sufficiency of the evidence, to substantiate the alleged change of domicile of petitioners, in order to vest jurisdiction in the Juvenile Court of the Parish of Orleans.

At the first hearing, on the petition for the interlocutory decree on April 12, 1950, the Garniers attempted to prove their change of domicile from Morehouse Parish to Orleans Parish by introducing in evidence the declaration of intention to change domicile, which had been filed in both Parishes on March 31, 1950, effective as of December, 1949. Further, Dr. Garnier testified that he had made New Orleans his permanent residence since January 1950; that on January 19, 1951, he and Mrs. Garnier registered in the Parish of Orleans; that his (Dr. Garnier's) name had been listed in the New Orleans Telephone Directory; and that he had contracted for the purchase of a home in New Orleans, and had paid the deposit thereon. In substantiation of the foregoing, there were submitted and introduced in evidence the originals of registration certificates of the Parish of Orleans, dated January 19, 1951; a photostat of page 203 of the December 1950 New Orleans Telephone Directory, and, also the original of an agreement to purchase a residence in New Orleans, dated January 15, 1951.

On the other hand, Dr. Garnier, under cross-examination admitted that he still operated the medical clinic in Bastrop; that he spent most of his time travelling and came to New Orleans once or twice a week; that his domicile in New Orleans was an apartment in the house of his attorney of record and his telephone number there was the same as his attorney's; that he owned a drug store, a trade school and apartment houses, none of them being located in Orleans Parish. He admitted that he had no bank account nor medical office in New Orleans, that he was still practicing medicine in Bastrop and had a residence there. Mrs. Garnier admitted she spent most of her time in Bastrop, and that the child was enrolled in school there.

Article 41 of the Revised Civil Code provides: "A change of domicile from one parish to another is produced by the act of residing in another parish, combined with the intention of making one's principal establishment there."

 Since the parties cannot by their consent confer jurisdiction, it is clear that domicile must attach at the time of the filing of the proceedings. The analogy drawn by counsel in his oral argument before the court, that a court, to entertain this adoption proceeding must have jurisdiction at the time of filing of the petition, the same as in any other personal action—divorce, emancipation, tutorship, etc., is sound. And further, the question of domicile being one of intention as well

as of fact, the parties seeking to show that it has been changed, must overcome the presumption that it has not been changed by positive and satisfactory proof of the establishment of their domicile in New Orleans and intention to remain here and of the abandonment of their former domicile in Bastrop, La. Succession of Simmons, 109 La. 1095, 34 So. 101; First Nat. Bank of Lumberton v. Hinton, 123 La. 1018, 49 So. 692; Succession of Webre, 172 La. 1104, 136 So. 67. The trial judge so thought, and we believe that the testimony in the record before us is sufficient to create a strong doubt as to the jurisdiction of the Juvenile Court, and for this reason, we do not feel justified in disturbing his judgment. However, in any event, there is no prejudice to the rights of the petitioners herein, to bring proceedings in the court of their actual domicile, or, if they have now acquired a bona fide domicile in the Parish of Orleans, to institute new proceedings and obtain the desired and highly justifiable results sought.

The judgment appealed from is affirmed.