378 So.2d 164 (1979)
Gloria York BROWN
v.
Norther BROWN, Jr.
No. 12751.
Court of Appeal of Louisiana, First Circuit.
November 12, 1979.
Rehearing Denied December 27, 1979.
Arnold J. Gibbs, Baton Rouge, for plaintiff-appellant Gloria York Brown.
Linda B. Watkins, Staff Atty., Capital Area Legal Services Corp., Baton Rouge, for defendant-appellee Norther Brown, Jr.
Before ELLIS, CHIASSON and PONDER, JJ.
ELLIS, Judge.
This is a suit for divorce filed by Gloria York Brown against Norther Brown, Jr., her husband. The action was commenced on June 2, 1977, in the Family Court of East Baton Rouge Parish by plaintiff, who alleges herself to be a resident of Ascension Parish. Defendant is alleged to be a resident of East Baton Rouge Parish.
Defendant made a general appearance in the case by filing an answer and reconventional demand, and by participating in an alimony rule. However, in January, 1979, a peremptory exception to the jurisdiction of the Family Court was filed, based on the allegation that neither party to the suit was or ever had been domiciled in East Baton Rouge Parish. After evidentiary hearing the trial judge signed a judgment sustaining the exception, and dismissed plaintiff's suit for lack of jurisdiction. Plaintiff has appealed.
The record shows that defendant was raised in Ascension Parish, where his parents continue to live, and that he made his home there until he was separated from plaintiff in July, 1976. About two months later, he rented an apartment in East Baton Rouge Parish and continued to reside in that parish until some time in 1978. Defendant claims that he left East Baton Rouge Parish after about 14 months, which would put him back in Ascension Parish in late 1977. Other evidence indicates that he was still in his apartment on Lobdell as late as November, 1978, when he moved into his mother's home. He stated that he left Ascension Parish because he was told he would go to jail if he harassed plaintiff. He was also attempting to gain custody of a son by a former marriage, and needed a place to keep him. Defendant testified that he never intended to remain in East Baton Rouge Parish and that he continued to vote, receive mail and attend church in Ascension Parish. He owns two parcels of land in Ascension Parish. The address on his driver's license, which was issued on July 7, *165 1977, when he was residing in East Baton Rouge Parish, is an Ascension Parish address.
Plaintiff introduced into evidence the petition in a suit filed by defendant in Ascension Parish on July 24, 1978, in which he alleges himself to be domiciled in East Baton Rouge Parish.
It is apparent that defendant had established his domicile in Ascension Parish prior to his separation from plaintiff. The question presented by this appeal is whether or not he changed his domicile to East Baton Rouge Parish. The following provisions of the Civil Code are pertinent:
"Art. 41. A change of domicile from one parish to another is produced by the act of residing in another parish, combined with the intention of making one's principal establishment there."
"Art. 42. This intention is proved by an express declaration of it before the recorders of the parishes, from which and to which he shall intend to remove.
"This declaration is made in writing, is signed by the party making it, and registered by the recorder."
"Art. 43. In case this declaration is not made, the proof of this intention shall depend upon circumstances."
Our courts have interpreted the foregoing articles so as to hold that a domicile once acquired is presumed to continue; that one alleging a change of domicile has the burden of proving it; and that the presumption in favor of the original domicile prevails if there is any reasonable doubt as to the change. In re Adoption of Rials, 220 La. 484, 56 So.2d 844 (1951), Foreman v. Jordan, 131 So.2d 796 (La.App. 3rd Cir. 1961).
Since defendant has made no written declaration of domicile, we must look to the circumstances of the case to determine his true intent. The expressed intent of a party as to his domicile need not be given effect if it is at variance with the facts of the case. See In re Kennedy, 357 So.2d 905 (La.App. 2nd Cir. 1978).
In this case, plaintiff relies heavily on the length of time defendant resided in East Baton Rouge Parish, the fact that defendant submitted to the jurisdiction of the East Baton Rouge Parish Family Court for over 18 months, and the judicial admission that his domicile was in East Baton Rouge Parish, contained in the Ascension Parish suit hereinabove referred to.
Defendant does not deny any of the above circumstances, but argues that he lived in East Baton Rouge Parish because he was told to stay away from the plaintiff; that he never intended to change his domicile; and that he returned to Ascension Parish at the first opportunity. We also note that defendant continued to vote and receive mail in Ascension Parish. Defendant testified that he had no knowledge that his attorney had alleged him to be domiciled in East Baton Rouge Parish.
The trial judge, who had handled the case in its entirety, accepted the testimony of defendant and ruled him to be and to have been domiciled in Ascension Parish. We find no manifest error in the determination of the trial judge, which involves, in part, evaluation of the credibility of defendant as to his intention relative to his domicile. If his testimony is believed, the holding of the trial judge is correct, and all acts performed by the Family Court in this case are absolutely null. Articles 44, 3941, Code of Civil Procedure.
The judgment appealed from is therefore affirmed, at plaintiff's cost.
AFFIRMED.