GAUDIN, Judge.
This is an appeal by Mrs. Tamara Page from the denial of her exception of improper venue. We reverse this ruling.
Frankie Page, Tamara’s husband, permanently moved out of the matrimonial domicile in Plaquemines Parish either September 2 or 3, 1986. He said September 2nd, admitting that he slept in Plaquemines with his wife the night of September 1st. She said Mr. Page moved out September 3rd. In any event, Mr. Page signed an apartment lease in Jefferson Parish on September 2nd and filed this suit for a legal separation in the 24th Judicial District Court on September 3rd.
The Pages had resided in Plaquemines since their marriage on December 16,1975. Mrs. Page filed her separation suit in Plaquemines Parish on September 5th.
We have reviewed the cases cited by Mr. Page. Not one opinion sanctions an instantaneous change of domicile similar to Mr. Page’s attempt, and, we believe, with good reason. If a departing husband (or wife) can so quickly change legal domicile, he (or she) could shop around and then file suit in any parish in Louisiana he (or she) chooses merely by saying he (or she) intended to change domicile. Clearly this is not the intent of statutory law.
When this exception was heard in November, 1986, Mr. Page was still registered to vote in Plaquemines Parish and he had neither executed nor recorded a change of domicile declaration pursuant to LSA-C.C. art. 42, which reads:
PROOF OF INTENT BY WRITTEN DECLARATION
“This intention is proved by an express declaration of it before the recorders of the parishes, from which and to which he shall intend to remove.
“This declaration is made in writing, is signed by the party making it, and registered by the recorder.”
Although a judgment overruling an exception of improper venue is interlocutory, an appeal from such a decree may be taken if irreparable injury could result. Here, irreparable injury to Mrs. Page would result if the 24th Judicial District Court retained jurisdiction.
We void and set aside the judgment overruling Mrs. Page’s exception of improper venue. This exception has merit and is ordered maintained. This suit, however, could be transferred to Plaquemines Parish and consolidated with Mrs. Page’s action there, if Mr. Page so moves in the 24th Judicial District Court.
Mr. Page is to bear all costs of this appeal.
REVERSED.