527 So.2d 433 (1988)
Kim BERGERON
v.
Billy BERGERON.
No. 88 C 0692.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1988.
Joel A. Levy, Marrero, for plaintiff.
Mark A. Pivach, Belle Chasse, for defendant.
Before BARRY, CIACCIO and PLOTKIN, JJ.
PLOTKIN, Judge.
The issue before the court in this supervisory writ of certiorari is an exception of improper venue which the trial court denied. We grant the writ reversing the trial court's ruling.
*434 Plaintiff, Kim Bergeron, and relator, Billy Bergeron, have lived in Plaquemines Parish for the past six years, two years prior to their marriage and four years since their marriage. When they separated February 28, 1988, plaintiff moved to New Orleans to live with her sister. She filed for a separation in Orleans Parish March 7, 1988. Relator filed an exception of improper venue, which was heard on March 28, 1988. The trial court overruled the exception and Mr. Bergeron is now before this court on writ of review.
An action for separation from bed and board, or divorce must be brought in the parish where either party is domiciled, or in the parish of the last matrimonial domicile. La.Code Civ.P. art. 3941. The prescribed venue is jurisdictional; it may not be waived and a judgment rendered in any of these actions by a court of improper venue is an absolute nullity.
A change of domicile is treated in La.Civil Code arts. 41, 42 and 43:
Art. 41. Change of domicile; residence and intent
A change of domicile from one parish to another is produced by the act of residing in another parish, combined with the intention of making one's principal extablishment there.
Art. 42. Proof of intent by written declaration
This intention is proved by an express declaration of it before the recorders of the parishes, from which and to which he shall intend to remove.
This declaration is made in writing, is signed by the party making it, and registered by the recorder.
Art. 43. Proof of intent in absence of declaration
In case this declaration is not made, the proof of this intention shall depend upon circumstances.
In the case at bar, plaintiff did not file an express declaration to change her domicile from Plaquemines Parish to Orleans Parish; thus her intent must be based "upon the circumstances." At the hearing, plaintiff testified that she was not registered to vote in Orleans Parish and that her only connection with Orleans Parish was that her sister resides there.
A domicile once acquired is presumed to continue. The party alleging a change in domicile has the burden of proving it. There is a presumption in favor of the original domicile if there is reasonable doubt as to the alleged change. Succession of Caprito, 468 So.2d 561 (La.1985); Brown v. Brown, 378 So.2d 164 (La.App. 1st Cir.1979).
Recently a similar factual situation was presented in Page v. Page, 512 So.2d 1234 (La.App. 5th Cir.1987). In Page, the husband and wife had lived together in Plaquemines Parish for ten years during their marriage. The husband moved out of their house and signed a lease on an apartment in Jefferson Parish on September 2, 1986. He filed suit for legal separation in Jefferson Parish the next day. He was still registered to vote in Plaquemines Parish and had not excuted a change of domicile declaration. The court reversed the trial court's denial of the exception of improper venue finding that the facts were not sufficient to prove a change in venue and to hold otherwise would encourage forum shopping. The court stated:
If a departing husband (or wife) can so quickly change legal domicile, he (or she) could shop around and then file suit in any parish in Louisiana he (or she) chooses merely by saying he (or she) intended to change domicile. Clearly this is not the intent of statutory law. 512 So.2d at 1235.
Beside forum shopping, other valid reasons exist in this case to maintain the venue exception. All of the witnesses, evidence, and community property are located in Plaquemines Parish. The most efficient and convenient forum for resolution of the issues is the venue of the marital domicile. The transactional costs are minimized. The departing spouse, in this case, will pay no court costs because she is proceeding in forma pauperis. Furthermore, there is no reason to believe that the departing spouse cannot receive a fair trial or judgment in the marital domicile venue.
*435 Based on the fact that the departing wife filed suit seven days subsequent to her physical separation and failed to take any recognized steps to establish a change of domicile, and for the policy reasons enumerated above, we find that the exception of venue should have been maintained.
This suit is transferred to the Twenty-Fifth Judicial District Court, Parish of Plaquemines, for further proceedings.
WRIT GRANTED.
BARRY and CIACCIO, JJ., concur.