DUFRESNE, Judge.
The only issue before the court in this domestic proceeding is whether the trial judge committed manifest error in finding that plaintiff was domiciled in Jefferson Parish at the time suit was filed, therefore making venue proper in that parish under La.Code Civ.Pro., art. 3941. Because we find no such error, we affirm the ruling of the trial court.
Plaintiff filed a petition for separation from her husband on July 24,1989. Defendant urged an exception of improper venue, alleging that plaintiff was not a Jefferson Parish domiciliary on that date, but was rather an Orleans Parish domiciliary, and therefore that venue was improper pursuant to La.Code Civ.Pro., art. 3941. After receiving evidence and testimony, the trial judge found that plaintiff had in fact changed her domicile from Orleans to Jefferson Parish before filing suit and that venue was therefore proper in his court.
The evidence in this matter shows that plaintiff left the matrimonial domicile in Orleans Parish on July 22, 1989, and went with her infant child to the home of her parents in Jefferson. It further shows that she had lived in Jefferson Parish for almost her entire life, and at the time of her marriage to defendant in July, 1988, was domiciled in a home owned by her in that parish. After the marriage, she and her husband moved to Orleans Parish, where he still lives. She rented her Jefferson house, through a realtor, but did not change either her driver’s license or voter registration to Orleans Parish.
Plaintiff testified that on July 22, 1989, the day she claims to have left the matrimonial domicile, and two days before this suit was filed, she called her realtor and gave instructions to give the lessees of her house thirty days notice to vacate the premises. She stated that this was done so that she could move back into the property. She further stated that after the tenants left, it took another week to ten days to freshen and repaint the house, after which she left her parents’ home and moved back into her home.
Her petition represents that she left her husband because his mental and physical cruelty toward her had made their living together insupportable, and she testified that on the day she left him, it was her intention to move back into her Jefferson Parish property. She did not, however, file a written declaration of this intent in the parish records.
On this showing, the trial judge apparently found that plaintiff had in fact changed her residence to Jefferson Parish, with the intention of making her principal establishment there, before filing suit, and that venue was thus proper. Defendant now seeks review of that ruling.
The pertinent Civil Code provisions are Articles 41, 42 and 43, which are as follows:
Art. 41. Change of domicile; residence and intent
A change of domicile from one parish to another is produced by the act of residing in another parish, combined with the intention of making one’s principal establishment there.
Art. 42. Proof of intent by written declaration
This intention is proved by an express declaration of it before the recorders of the parishes, from which and to which he shall intend to remove.
This declaration is made in writing, is signed by the party making it, and registered by the recorder.
Art. 43. Proof of intent in absence of declaration
In case this declaration is not made, the proof of this intention shall depend upon circumstances.
Thus, to effect a change of domicile, there must be actual residence in the new parish coupled with the intent to make that residence one's principal establishment.
In the present case, the facts show that plaintiff physically left the matrimonial domicile in Orleans and moved with her infant to her parents’ home in Jefferson, where she took up residence. The remaining question is therefore whether she intended to make her principal establishment in that new parish.
*455 The above codal articles provide that intent may be proved by filing an express declaration in the parish records; where such a formal declaration has not been made, however, intent may nonetheless be shown by the circumstances. In the present case, plaintiff testified that immediately upon leaving the matrimonial domicile, it was her intention to move permanently back to Jefferson Parish where she had lived for almost her entire life. Although she also showed that she was registered to vote in that parish and her driver’s license carried a Jefferson address, the trial judge properly gave little weight to these facts because these circumstances pre-dated her move to Orleans upon her marriage. The most substantial corroboration of her intent was, however, her taking immediate action to evict lessees from a house owned by her in Jefferson, so that she could move back into the property. It is apparent that the trial judge credited plaintiffs testimony, and that testimony coupled with the corroborating fact of her commencing eviction proceedings to regain possession of her home, leaves no doubt in this court’s mind that he did not commit manifest error in determining that a change of domicile had taken place before suit was filed. Brown v. Brown, 378 So.2d 164 (La.App. 1st Cir.1979); see also Johnson v. Welsh, 334 So.2d 395 (La.1976), and Welsh v. Welsh, 322 So.2d 352 (La.App. 4th Cir.1975).
We are aware of Page v. Page, 512 So.2d 1234 (La.App. 5th Cir.1987), but do not find it controlling here. On the scant facts appearing in the opinion, it appears that the only action taken by the husband in a new parish was the signing of an apartment lease. Nothing indicates that he had in fact moved into that apartment, and thus he failed to meet the first test for change of domicile, which is residence in a different parish. He had been a resident of Plaquemines Parish for eleven years, was a registered voter in that parish and lacked the corroborating factors present in the instant case.
For the foregoing reasons, we hereby affirm the ruling of the trial court that venue is proper in Jefferson Parish, and remand the case for further proceedings in Jefferson Parish.
AFFIRMED AND REMANDED FOR FURTHER PROCEEDINGS.