CHARLES R. JONES, Judge.
On the application of Keith T. Naccari we grant certiorari in order to consider the validity of a judgment of the trial court overruling the relator’s exception of improper venue. Having reviewed the transcript and the briefs of both parties, we affirm the judgment of the trial court.
Relator, Keith T. Nacarri and respondent Jennie McNeill Naccari were married on August 28, 1982 in Orleans Parish. They resided together in Jefferson Parish until June 27, 1992 when respondent left the matrimonial domicile and returned to her parent’s home in Orleans Parish. On June 29, 1992 the parties worked out provisions for temporary custody of the children.
On July 21, 1992 respondent instituted divorce proceedings in Orleans Parish seeking a divorce, alimony pendente lite, child support, and joint custody of the children. She also sought a temporary restraining order and a preliminary and permanent injunction enjoining relator from harassing her.
Subsequently, on or about August 5, 1992 relator instituted divorce proceedings against respondent in the 24th Judicial District Court for the Parish of Jefferson. On October 26, 1992, the relator filed a motion of improper venue which was heard by the trial court on October 26, 1992. The trial court overruled the exception and relator is currently before this court seeking a review of that judgment.
Relator argues that the trial court erred in finding that venue was proper in Orleans Parish because the testimony adduced at trial was not sufficient to establish that at the time the divorce proceedings were filed Mrs. Nacarri had the intent to change her domicile, except for the purpose of forum shopping. We disagree.
Pursuant to the provisions of La.C.C.P. art. 3941 an action for divorce may be brought in the parish where either party is *668 domiciled, or in the parish of the last matrimonial domicile.
Similarly, pursuant to La.C.C.P. art 74.-2(A) a proceedings to obtain the legal custody of a minor may also be brought in the parish where a party is domiciled or in the parish of the last matrimonial domicile.
At the hearing on the exception of improper venue relator argued that respondent was not domiciled in Orleans Parish, but was rather domiciled in Jefferson Parish and that venue was improper pursuant to La.C.C.P. art. 3941. Alternatively, he argued that because respondent and the minor children had more contacts in Jefferson Parish, the suit should be transferred to Jefferson Parish pursuant to the doctrine of forum non conveniens. He also argued that the respondent deceived him by taking the children to Orleans Parish for the sole purpose of filing for divorce and custody in Orleans Parish. Her actions, according to relator, represent a classic case of forum shopping.
At the time that she filed her petition for divorce, respondent alleged that she was domiciled in Orleans Parish. If in fact this allegation is true, venue of these proceedings is proper in Orleans Parish.
The requirements for establishing a change of domicile are enunciated in La. C.C. arts. 41 and 42 which provide:
Art. 41 A change of domicile from one parish to another is produced by the act of residing in another parish, combined with the intention of making one’s principal establishment there.
Art. 42 This intention is proved by an express declaration of it before the recorders of the parishes, from which and to which he shall intend to remove.
This declaration is made in writing, is signed by the party making it, and registered by the recorder.
Pursuant to the above codal articles, intent may be proved by filing an express declaration in the parish records. Haik v. Haik, 557 So.2d 453 (La.App. 5th Cir.1990), writ denied, 561 So.2d 102 (La.1990).
The evidence in this case shows that prior to her marriage respondent resided either on the campus at Tulane University in Orleans Parish or at her parent’s home in Orleans Parish. However, two months before her marriage she and her future husband signed a joint lease to reside in an apartment in Jefferson Parish. Subsequently after the marriage they purchased a home in Jefferson Parish.
Respondent left the matrimonial domicile in Jefferson Parish on June 27, 1992 and went with her three children to the home of her parents in Orleans Parish. Respondent testified that her intent was to live with her parents permanently. On July 2, 1992 she executed a declaration of change of domicile and recorded it with the Orleans Parish recorder of mortgages. A similar declaration was executed and filed with the recorder of mortgages office for Jefferson Parish on July 2 or 7, 1992.
Respondent registered to vote in Orleans Parish on July 23, 1992 when she was still residing at her parent’s home. During the first week of August, respondent moved out of her parent’s home into a house located in Orleans Parish which her father had leased for her and the children for one year. Respondent had the address changed on her driver’s license to the New Orleans address and opened a new checking account at Jefferson Savings and Loan wherein she listed her New Orleans address. Respondent testified that she intended to reside permanently in the house where she was presently living at the time of trial.
Relator’s reliance upon Bergeron v. Bergeron, 527 So.2d 433 (La.App. 4th Cir.1988) is misplaced. This case is clearly distinguishable from Bergeron v. Bergeron, supra, wherein the plaintiff did not file an express declaration to change her domicile. Moreover, the record indicates that the trial judge was thoroughly familiar with the holding of Bergeron, supra. In giving its oral reasons for judgment, the trial judge stated:
This court, having read Bergeron, having read subsequent cases, having read previous cases, does not find this case to be a classic forum shopping case.
The Court feels with the documentation offered by Mrs. Nacarri she intends *669 to remain here in Orleans Parish and the Court finds that there is adequate evidence of the domicile here and that it was evident at the time in which she filed this pleading. Therefore, the court denies the motion for a dismissal based on improper venue.
Since the respondent presented convincing evidence to substantiate her change of domicile, the trial court correctly rejected relator’s claim that this was a case of forum shopping.
Additionally, the trial court also implicitly rejected relator’s contention that the case should be transferred pursuant to the doctrine of forum non conveniens when it stated:
The Court has heard testimony as to the location of the witnesses in this matter. The court is fully aware that Jefferson Parish is a neighboring Parish. We’re not talking about any long distance, we’re not talking about any inconvenience of witnesses in this matter.
Finally, we have reviewed the documents signed by the relator and respondent at the time that she left the matrimonial domicile and conclude that they do not substantiate any of the relator’s allegations that respondent deceived him into believing that she would never file for divorce and custody of the children in Orleans Parish.
For these reasons, the judgment of the trial court is affirmed.
AFFIRMED.