612 So.2d 842 (1992)
Janet Zidell SHEETS
v.
Stephen Paul SHEETS.
No. 92 CA 0815.
Court of Appeal of Louisiana, First Circuit.
December 23, 1992.
*843 Michael S. Walsh, Baton Rouge, for plaintiff-appellant Janet Zidell Sheets.
Eddie J. Lambert, Gonzales, for defendant-appellee Stephen Paul Sheets.
Before LOTTINGER, C.J., FOIL, J., and FOGG,[*] J. Pro Tem.
KENNETH J. FOGG, Judge Pro Tem.
In this action for divorce, plaintiff appeals a judgment sustaining a declinatory exception raising the objection of improper venue and transferring the case from East Baton Rouge Parish to Ascension Parish. We reverse.
Janet Zidell Sheets and Shephen Paul Sheets were married in Houston, Texas, in 1984, and began residing in Ascension Parish in Louisiana in 1989. On Wednesday, September 25, 1991, while still residing with her husband in Ascension Parish, Mrs. Sheets signed a six month lease on an apartment in East Baton Rouge Parish. The utilities, including water and electricity, were operational at the apartment on Thursday, September 26, 1991. Telephone service was installed the following day. Mrs. Sheets furnished the apartment with new and rented furniture, taking no furniture from the matrimonial domicile.
On Thursday, September 26, 1991, Mrs. Sheets changed the address on her driver's license to reflect that of the apartment. On Friday, September 27, 1991, she registered to vote and opened a bank account in East Baton Rouge Parish. Additionally, she arranged for the parties' son to attend day care in East Baton Rouge Parish, beginning Monday, September 30, 1989.
At approximately 8 A.M. on Monday, September 30, 1991, Mrs. Sheets left the matrimonial domicile with the parties' minor child and went to East Baton Rouge Parish. She stopped at the apartment to pick up her son's lunch box and then went to her attorney's office. Later that morning, Mrs. Sheets filed suit in East Baton Rouge Parish against her husband seeking a divorce. Mrs. Sheets and her son spent their first night at the apartment on Monday, September 30, 1991.
Mr. Sheets responded to Mrs. Sheets' lawsuit by filing a declinatory exception raising the objection of improper venue. After receiving evidence and testimony, the trial court sustained the objection of improper venue and transferred the suit to Ascension Parish. Plaintiff appeals that judgment, contending venue is proper in East Baton Rouge Parish.
The proper venue for an action for annulment of marriage, separation from bed and board, or divorce is in a parish where either party is domiciled, or in the parish of the last matrimonial domicile. La.C.C.P. art. 3941. La.C.C. art. 38 provides that the domicile of a citizen is the parish of his principal establishment or habitual residence.
*844 The party seeking to show his domicile has changed must overcome the legal presumption that it has not been changed, by positive and satisfactory proof of the establishment of a new domicile as a matter of fact with the intention of remaining and of abandoning the former domicile. La.C.C. art. 41; Succession of Caprito, 468 So.2d 561 (La.1985). The intention of making the new residence one's principal establishment is proved by either an express declaration of an intent to change before the recorder of the parishes or by proof showing a change in circumstances. La. C.C. arts. 42, 43.
In establishing domicile, intent is based on the actual state of facts and not what one declares them to be. Successions of Rhea, 227 La. 214, 78 So.2d 838 (1955). The circumstances indicating establishment of a domicile include where a person sleeps, takes his meals, has established his household, and surrounds himself with family and the comforts of domestic life. Charbonnet v. Hayes, 318 So.2d 917 (La.App. 4th Cir.1975), writ denied, 320 So.2d 201 (La.1975).
In the instant case, the facts show that Mrs. Sheets left the matrimonial domicile on the morning of September 30, 1990, with her jewelry and some clothing for herself and her son. She moved into an apartment in East Baton Rouge Parish that she had rented and furnished during the prior week. She did not return to the matrimonial domicile in Ascension Parish. Clearly, she had abandoned her Ascension residence and was residing in East Baton Rouge Parish, with the intent to remain there, at the time suit was filed. The arrangements made during the week preceding her departure from Ascension Parish, together with the fact that she worked and attended church in East Baton Rouge Parish since 1989, corroborate that intention.
Defendant's reliance on the cases of Bergeron v. Bergeron, 527 So.2d 433 (La.App. 4 Cir.1988) and Page v. Gafford, 512 So.2d 1234 (La.App. 5th Cir.1987) is misplaced. In those cases the parties attempting to prove a change of domicile presented few facts to support a change and, therefore, failed to prove the requisite intent.
Under the strong facts of this case, we find that appellant did carry her burden of proof in showing a change of domicile to East Baton Rouge Parish. Therefore, at the time suit was filed, venue was proper in East Baton Rouge Parish and the trial court erred in determining that venue was improper.
For the foregoing reasons, the judgment of the trial court is reversed and the case is remanded to the district court for further proceedings in accordance with the views herein expressed. Costs of this appeal are assessed against appellee.
REVERSED AND REMANDED.
NOTES
[*] Judge Kenneth J. Fogg is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.