716 So.2d 519 (1998)
Alice PEROW, Plaintiff-appellant,
v.
John P. LENZLY, et al., Defendants-appellees.
Willie C. WHITE, et al., Plaintiffs-appellants,
v.
John P. LENZLY, et al., Defendants-appellees.
Nos. 30833-CA, 30834-CA.
Court of Appeal of Louisiana, Second Circuit.
August 19, 1998.
*520 Joel L. Pearce, Shreveport, for Plaintiff-Appellant Alice Perow.
William D. Hall, Shreveport, for Plaintiffs-Appellants Willie C. White, Victoria Perow & Lue Rita White Thomas Indiv. and as Tutrix of the Minor Child, Omega Thomas.
Rountree, Cox, Guin & Achee by Billy J. Guin, Jr., Shreveport, for Defendant-Appellee Allstate Insurance Company.
Piper and Associates by Ramon Lafitte, Shreveport, for Plaintiff-Appellant Faye Hudson.
Cook, Yancey, King & Galloway by Sidney E. Cooks, Jr., Shreveport, for Defendants-Appellees John P. Lenzly and Preferred Risk Mutual Insurance Company.
Before WILLIAMS, GASKINS and CARAWAY, JJ.
*521 CARAWAY, Judge.
Finding a total lack of credibility on the part of the plaintiffs, the trial court viewed their description of the automobile collision and their injuries as fabrications. Recognizing the trial court's superior capacity to assess the plaintiffs' veracity, we affirm the trial court's decision.

Facts and Ruling of Trial Court
On the morning of September 5, 1995, John P. Lenzly was driving a church van on Pierre Avenue in Shreveport. A Toyota Corolla was following the van approximately one car length back. Lenzly testified that he slowed and then stopped the van in the street because of two children moving between cars parked on the side of the street. At that moment, according to Lenzly, the Toyota rear-ended the van. Lenzly described the accident as a "clunk" on the back of the van, which did not jar his body to any extent.
When Lenzly got out of the van to investigate the accident, he observed a male, Willie White, in the driver's seat of the car. However, Lenzly testified that the occupants of the Toyota soon shifted positions and a female, Alice Perow, was in the driver's seat when a police officer arrived on the scene.
Corporal Robin Snyder testified that Lenzly first reported to her that White was driving the Toyota at the time of the accident instead of Perow. The officer stated that White smelled of alcohol and reported to her that he was drunk. Corporal Snyder also testified at trial that the occupants of the car gave four or five conflicting statements at the scene including whether White had exited the automobile since the accident occurred and the relative positions of the people in the Toyota. From the accounts Corporal Snyder received from the occupants, Perow was reported as the driver of the vehicle with the other four occupants riding in the backseat.
In contrast to Lenzly's account of the accident, Perow and her passengers testified that as their vehicle was following the van along Pierre Avenue, the van suddenly stopped and began moving in reverse. Perow stated that she stopped, honked the horn, and began backing up the Toyota. She said the van accelerated in reverse and overtook the Toyota causing the crash.
The vehicles came to rest bumper to bumper causing no damage to the van. The van's trailer hitch bar, which contained no metal ball for the hitch, penetrated the bumper of the Toyota leaving a small gash through the bumper.
All of the occupants of the car allege whiplash and soft tissue type injuries from this low impact collision. All plaintiffs were treated by Dr. Mohammed Shamsabady, a chiropractor, for less than 3 months. The plaintiffs' medical bills and letters from Dr. Shamsabady detailing diagnoses and treatment were admitted at trial by stipulation of counsel without any testimony by Dr. Shamsabady.
Plaintiffs filed suit against Lenzly and his insurer, Preferred Risk Mutual Insurance Company. As guest passengers in the automobile, Willie White, Victoria Perow, Faye Hudson and Lue Rita White Thomas, individually and as tutrix of her sixteen-year-old daughter, Omega Thomas, filed suit against Allstate Insurance Company, the insurance carrier for the Toyota.
After trial in June 1997, the trial court stated the following in its reasons for judgment,
The police officer, Corporal Snyder, testified that when she arrived on the scene various people in Mr. White's vehicle gave inconsistent statements. I very often hear of inconsistent statements given between the point of a deposition and the trial of the case in the courtroom, but it is somewhat more unusual to have inconsistent statements given by various people in one vehicle ...
The driver of the vehicle is important, and it is important for credibility reasons in my view. And I have to tell you, I believe Mr. Lenzly with respect to the fact that there was a shifting of people in the vehicle, between the driver's seat and the back seat ...
... I have to say this case is really pretty outrageous. The plaintiffs have not even come close to proving their case in my view because of credibility reasons ...

*522 I don't believe anything the plaintiffs have said. Nothing ... I mean, this is insurance fraud in my view ... And I can judge the credibility and the credibility of the plaintiffs is zero and the credibility of Lenzly is a hundred percent. And the plaintiffs have not proven their case ...
The court then dismissed the claims of all plaintiffs against all defendants.

Discussion
The plaintiffs urge that the trial court erred in finding that they failed to carry their burden of proof. Specifically, they contend that the court incorrectly discounted their credibility and the guest passengers argue that no matter which driver was determined to be at fault, the court failed to award them damages for their injuries.
The case is regulated by the manifest error rule. The appellate court will not set aside the trial court's finding of fact in the absence of manifest error or unless it is plainly wrong. Lewis v. State, 94-2370 (La.4/21/95), 654 So.2d 311. Reversal is warranted only if the appellate court finds (1) a reasonable factual basis for the district court's finding does not exist in the record, and (2) the finding is clearly wrong on the record. Mart v. Hill, 505 So.2d 1120 (La. 1987). Reasonableness is the standard; reasonable determinations and inferences cannot be disturbed. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The great discretion accorded the trial court is grounded in that court's superior capacity to assess the credibility of the witnesses because only the trier of fact can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Rosell v. ESCO, 549 So.2d 840 (La.1989).

Fault of the Drivers
Presented with two conflicting accounts of the accident, the trial court accepted Lenzly's testimony that he gradually slowed and then stopped the van before being immediately rear-ended. The plaintiffs' account of the accident is virtually implausible. According to Perow's testimony, the two vehicles, first proceeding twenty-five miles per hour in one direction, suddenly are both proceeding in reverse with the large van accelerating at a rate that overtook the Toyota and caused significant whiplash injuries. Following a review of the accident by the police at the scene, Perow was ticketed for failure to maintain control of her vehicle on the wet pavement.
We find no error in the trial court's determination that the plaintiffs failed to prove that the accident resulted from the fault or negligence of Lenzly. Where documents or objective evidence so contradict a witness's story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit it, then the court of appeal may find manifest error in a finding purportedly based on a credibility call. Absent such factors, however, the district court's decision to credit the testimony of one of two or more witnesses can virtually never be plainly wrong. Rosell, supra.

Guest Passenger Claims
All of the passengers in the vehicle driven by Perow argue that the trial court manifestly erred in denying them recovery for their injuries against Allstate, the insurer of the Toyota. No direct evidence disputed their soft tissue injuries. Therefore, these plaintiffs argue that despite the trial court's strong finding regarding their lack of credibility concerning how the accident occurred, they must recover as guest passengers for their undisputed injuries.
The medical evidence in this case essentially rests on each plaintiff's report of a whiplash-type injury. Although White and Hudson were taken from the scene by emergency medical services to a hospital for x-rays, the hospital invoices indicate minimal orthopedic services, and no testimony of the treating physician was introduced. The written reports of Dr. Shamsabady reflect that all plaintiffs sought his services within two days of the accident and were placed under the same course of treatment for their upper and/or lower back injuries.
Without any testimony from Dr. Shamsabady, we view his written diagnoses *523 as formed in significant part upon the plaintiffs' reports of subjective symptoms of pain. The weight afforded a treating physician's testimony is largely dependent upon the facts upon which his opinion is based. Freeman v. Rew, 557 So.2d 748 (La.App. 2d Cir.), writ denied, 563 So.2d 1154 (La.1990). A claimant's lack of credibility on factual issues can serve to diminish the veracity of her complaints to a physician. Davis v. Sonnier, 96-515 (La.App. 3d Cir.11/6/96), 682 So.2d 910.
In evaluating the evidence, the trier of fact should accept as true the uncontradicted testimony of a witness, even though the witness is a party, where the record indicates no sound reason for its rejection. Robertson v. Scanio Produce, 449 So.2d 459 (La.1984); Aycock v. City of Shreveport, 535 So.2d 1006 (La.App. 2d Cir.1988), writ denied, 536 So.2d 1223 (La.1989). One sound reason for rejection is where circumstances cast suspicion or doubt on the reliability of the testimony. West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979); Aycock, supra.
From our review of the record there were many suspicious circumstances justifying the trial court's harsh rejection of the plaintiffs' credibility and its labeling of their claims as a soft tissue case as "abuse, insurance fraud, perjury." The trial court readily accepted Lenzly's testimony that White, intoxicated and with a DWI arrest pending, was behind the wheel of the vehicle which he owned. Although Corporal Snyder did not charge White for this accident on the strength of Lenzly's assertion alone, she compiled a report from the occupants' testimony that placed the four passengers in the small back seat of a Toyota. Additionally, Lenzly reported that immediately after the impact, Hudson appeared at the door of the van instructing him to "don't move." He ignored that order and exited the van in time to see White still behind the wheel. Hudson then hurried down the street to her grandmother's house to telephone the police only later to return in time to be placed on a stretcher by EMS personnel for transportation to a hospital. In view of the physical evidence concerning the vehicles and Lenzly's testimony revealing a very minor collision, the highly suspicious circumstances of this case allow the trial court to also reject the plaintiffs' assertions of injuries. In the trial court's view, a total lack of credibility arose from the plaintiffs' fabricated description of the accident, and without objective evidence of injury, the trial court could likewise reject their claims of injury as false.

Conclusion
For the reasons expressed, the judgment of the trial court is affirmed. Costs are assessed to the plaintiffs to the extent permitted by La. C.C.P. art. 5188.
AFFIRMED.