h GASKINS, J.
The defendant, James Merle Lacroix, appeals a trial court judgment overruling an exception of improper venue in a divorce action. He asserts that the trial court erred in permitting the plaintiff, Martha Ann Murphy Lacroix, to “forum shop” by filing suit for divorce in the 26fh Judicial District Court, Parish of Bossier, only three days after leaving the matrimonial domicile in the 9 th Judicial District Court, Parish of Rapides. For the reasons set forth below, we affirm the trial court judgment.
FACTS
The parties were married in Pineville, Louisiana, Rapides Parish, on January 15, 1994. They established their matrimonial domicile in Rapides Parish. On June 13, 1998, Mrs. Lacroix left the matrimonial domicile and began residing with her daughter in Bossier Parish. On June 16, 1998, Mrs. Lacroix filed a petition for divorce, pursuant to La. C.C. art. 102, in the 26th Judicial District Court in Bossier Parish. Her petition for divorce alleged she was a resident and domiciliary of Bossier Parish and contained sworn verification. Prior to filing for divorce, she had filed a request for change of mailing address from Rapides Parish to Bossier Parish and had opened a checking account in Bossier Parish. On June 25, 1998, she registered to vote in Bossier Parish and obtained a Louisiana driver’s license showing Bossier Parish as her residence. She also applied for a Bossier Parish library card and requested a change of address to Bossier Parish on her credit cards. By the time of the hearing on the declinatory exception of improper venue, Mrs. Lacroix had leased an apartment in Bossier City and had begun a job in nearby Caddo Parish. She had begun taking a continuing education course in nursing in Bossier City. She had also filed with the clerks of court in Rap-ides and Bossier Parishes written declarations of her intention to change her domicile to Bossier Parish.
| gin response to Mrs. Lacroix’s petition for divorce, Mr. Lacroix filed an exception of improper venue, arguing that Mrs. La-croix was not a domiciliary of Bossier Parish. In addition to pointing out the short period of time that had elapsed between their separation on June 13, 1998, and Mrs. Lacroix’s filing for divorce on June 16, 1998, Mr. Lacroix also argued that the community property, witnesses and evidence all were located in Rapides Parish.
Subsequent to a hearing on the exception, the trial court rendered a written opinion reciting the pertinent facts and law. The trial court acknowledged Mr. Lacroix’s arguments that domicile once acquired is presumed to continue, that the party alleging a change in domicile has the burden of proving it, and that there is a presumption in favor of the original domicile if there is reasonable doubt as to the alleged change. However, the trial court believed Mrs. Lacroix had clearly shown that she had changed her domicile to Bossier Parish. The trial court’s only reservation was whether the circumstances indicating her change of domicile must have occurred prior to the filing of the petition for divorce. After reviewing the case law, the court concluded that the circumstances indicating a change of domicile did not all have to occur prior to the filing of the petition for divorce. Finding that, at the time of the filing of the petition for divorce in Bossier Parish, Mrs. Lacroix had made a good faith change of domicile to Bossier Parish, the trial court denied Mr. Lacroix’s declinatory exception to venue. Mr. La-croix sought review of the trial court judgment.[1]
*1039 J^LEGAL PRINCIPLES
The venue of a divorce action is jurisdictional and cannot be waived. Wallace v. Wallace, 25,366 (La.App.2d Cir.1/19/94), 631 So.2d 40, writ denied 94-0627 (La.5/13/94), 637 So.2d 1066. The proper venue for a divorce action is the parish where either party is domiciled or in the parish of the last matrimonial domicile. La. C.C.P. art. 3941(A). A divorce judgment rendered in a court of improper venue is an absolute nullity. La. C.C.P. art. 3941(B).
The domicile of a citizen is the parish of his principal establishment or habitual residence. La. C.C. art. 38. The party seeking to show his domicile has changed must overcome the legal presumption that it has not been changed, by positive and satisfactory proof of the establishment of a new domicile as a matter of fact with the intention of remaining and abandoning the former domicile. La. C.C. art. 41; In re Adoption of Rials, 220 La. 484, 56 So.2d 844 (1951).
The intention of making the new residence one’s principal establishment is proved by either express declaration of an intent to change before the recorder of the parishes or by proof showing a change in circumstances. La. C.C. arts. 42, 43.
Our courts have interpreted the forgoing articles to hold that a domicile once acquired is presumed to continue; that one alleging a change in domicile has the burden of proving it; and that the presumption in favor of the original domicile prevails if there is any reasonable doubt as to the change. In re Adoption of Rials, supra; Brown v. Brown, 378 So.2d 164 (La.App. 1st Cir.1979). In establishing domicile, intent is based upon the actual state of facts and not what one declares them to be. The circumstances indicating establishment of a domicile include where a person sleeps, takes his meals, has established his household, and surrounds himself with family and the comforts of domestic life. Sheets v. Sheets, 612 So.2d 842 (La.App. 1st Cir.1992).
14The determination of Mrs. La-croix’s intent is a question of fact; the district court’s findings of fact are not disturbed on appeal unless they are clearly wrong or manifestly erroneous. Stobart v. State, through Department of Transportation & Development, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989). Reversal is warranted only if the appellate court finds that a reasonable factual basis for the district court’s finding does not exist in the record, and that the finding is clearly wrong on the record. Mart v. Hill, 505 So.2d 1120 (La.1987). The great discretion accorded the trial court is grounded in the court’s superior capacity to assess the credibility of the witnesses, because only the trier of fact can be aware of the variations in demeanor and tone of voice that bear so heavily on the .listener’s understanding and belief in what is said. Rosell v. ESCO, supra; Perow v. Lenzly, 30,833 (La.App.2d Cir.8/19/98), 716 So.2d 519.
DISCUSSION
Mr. Lacroix asserts that allowing Mrs. Lacroix’s actions to constitute a *1040 change of domicile “would be sanctioning the most blatant of forum shopping.” Mr. Lacroix argues that any spouse seeking a divorce and community property partition could move to a more favorable venue, file the petition for divorce, effect an “instantaneous change of domicile,” and then take the steps necessary to support the claim of a change in domicile. According to Mr. Lacroix, such a scenario would become commonplace and would clearly defeat both legislative intent and judicial integrity. Under the facts presented in this case, we find, as did the trial court, that Mrs. Lacroix had the requisite intent to change her domicile when she moved to Bossier Parish on June 13,1998.
We have determined that the intent to change domicile must have occurred before the suit was filed. Although In re Adoption of Rials, supra, was not a Ldivorce case, it is analogous to the instant case because there was a question of domicile that was jurisdictional. The Louisiana Supreme Court stated:
Since the parties cannot by their consent confer jurisdiction, it is clear that domicile must attach at the time of the filing of the proceedings. The analogy drawn by counsel in his oral argument before the court, that a court, to entertain this adoption proceeding must have jurisdiction at the time of the filing of the petition, the same as in any other personal action—divorce, emancipation, tutorship, etc., is sound.
We also find that under some circumstances, domicile can be changed quickly, if the requisite intent is present. The case of Zinko v. Zinko, 204 La. 478, 15 So.2d 859 (1943), presented a question of jurisdiction based upon the issue of domicile in a divorce action. The court made the following statements of law concerning the husband’s domicile:
If there be a bonafide intent to establish a domicile, and a bonafide residence of some sort, “it is immaterial whether he lived in a hired house, a boarding house or (hotel), or his own dwelling.” ■ * * * The domicile is then “fixed,” even as soon as such residence has begun or lasted “even for a few days” only. Brewster v. Emlet, 168 La. 326, 122 So. 54, 55. “To establish another domicile it is necessary that the person have the intention of abandoning his domicile at the time, and of residing in the new place permanently or indefinitely, coupled with actual residence there.” Succession of Webre, 172 La. 1104, 136 So. 67. A change of domicile may be undertaken by a man whenever he so desires; any restraint upon his choice would be an abridgement of his right. “The law seeks for the intention, and allows every citizen freely to select his domicil accordingly, as his interest, inclination, or even caprice, may direct.” Hennen v. Hennen, 12 La. 190.
We also conclude that the trial court was correct to consider all the circumstances, both prior to and after the filing of the divorce. Obviously, events closely preceding the filing of a petition for divorce ordinarily will be more probative of the issue of intent than events closely following the filing of the petition because the former events are evidence of an intent to change domicile even before the petition is filed, while the latter events in some cases might be interpreted as an afterthought aimed at attempting to show that the requisite intent existed when the petition was filed. Nevertheless, events that closely follow the | (¡filing of a petition for divorce are probative of the issue of intent to the extent that they are evidence of a continuing intent that existed on the date the petition for divorce was filed.
The jurisprudence offers guidance in considering exceptions of improper venue, where one spouse leaves the parish of the matrimonial domicile and soon thereafter files for divorce in another parish. These cases look to the circumstances to determine whether the spouse has shown the requisite intent to change domicile. In Bergeron v. Bergeron, 527 So.2d 433 (La. *1041 App. 4th Cir.1988), the wife left the matrimonial domicile in Plaquemines Parish and moved in with her sister in Orleans Parish. She then filed suit against her husband in Orleans Parish approximately one week later. The husband objected on the grounds of improper venue. The court found that the wife had not filed a declaration of intent to change domicile and had not registered to vote in Orleans. Her only connection with the parish was that her sister lived there. Under those circumstances, the court found that the venue in Orleans was not proper.
In Page v. Page, 512 So.2d 1234 (La.App. 5th Cir.1987), the husband moved out of the matrimonial domicile in Plaque-mines Parish and rented an apartment in Jefferson Parish. The next day, he filed suit in Jefferson Parish. The wife filed an exception of improper venue. At the time of the hearing several months later, the husband had not changed his voters’ registration nor had he filed a declaration of intent to change his domicile. The only action taken by the husband evidencing a change of domicile was the renting of an apartment. The trial court sustained the exception of improper venue, finding that the husband had not sufficiently shown his intent to change his domicile to Jefferson Parish.
In Sheets v. Sheets, supra, the matrimonial domicile was in Ascension Parish. The wife leased an apartment in East Baton Rouge Parish, furnished it, ^opened a bank account, changed the address on her driver’s license, registered to vote and enrolled her child in day care, all in East Baton Rouge Parish. She then left the matrimonial domicile with the child on a Monday morning and filed suit for divorce, in East Baton Rouge Parish, that day. The husband filed an exception of improper venue. The court overruled the exception, finding that the wife was residing in East Baton Rouge Parish with the intent to remain there at the time she filed suit. The court found this case was distinguishable from Bergeron, in which there were few factors to establish a change in domicile.
In Naccari v. Naccari, 611 So.2d 667 (La.App. 4th Cir.1992), the wife left the matrimonial domicile in Jefferson Parish and went to her parents’ home in Orleans Parish. She then filed for divorce in Orleans Parish. Prior to filing suit, she executed a declaration of intent to change domicile in Jefferson and Orleans Parishes, and she registered to vote in Orleans. After she filed suit, she moved into an apartment. She also changed her address on her driver’s license and opened a checking account in Orleans, although it was not clear whether she did so before or after she filed suit. The husband filed an exception of improper venue. The court found that the wife demonstrated ample proof of domicile in Orleans Parish when she filed suit. '
In Haik v. Haik, 557 So.2d 453 (La.App. 5th Cir.1990), writ denied 561 So.2d 102 (La.1990), the wife left the matrimonial domicile in Orleans Parish and went to her parents’ house in Jefferson Parish. Two days later, she filed a petition for separation in Jefferson Parish. She also made arrangements for tenants to vacate a house she owned in that parish. The court found that this was sufficient to show the wife’s intent to change her domicile to Jefferson Parish, defeating the husband’s exception of improper venue.
|sThe facts in this case show that Mrs. Lacroix, in good faith, changed her domicile to Bossier Parish on June 13, 1998. She had informed her daughter the week prior to the move that she intended to come to Bossier Parish to live. She then permanently left the matrimonial domicile, moved in with her daughter in Bossier Parish, changed her mailing address to Bossier Parish and opened a checking account in Bossier Parish. She filed for divorce as soon as possible. Her actions after the filing of the suit, detailed above, further evidence the intent to change her domicile to Bossier Parish. Mr. Lacroix made no showing that Mrs. Lacroix was *1042 not domiciled in Bossier Parish when she filed suit for divorce. The trial court was not manifestly erroneous or clearly wrong in overruling Mr. Lacroix’s exception of improper venue.
CONCLUSION
For the reasons set forth above, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.

. The overruling of an exception of venue is an interlocutory judgment, and interlocutory judgments are not appealable unless they may cause irreparable injury. Initially, this court *1039 elected to resolve the issue herein pursuant to our appellate jurisdiction, rather than the grant of writ of certiorari (supervisory jurisdiction), because the overruling of an exception to improper venue may cause irreparable injury. Once a case is tried on the merits in the wrong venue, an appellate court has no practical means of correcting the error on appeal. See Herlitz Construction Company v. Hotel Investors of New Iberia, 396 So.2d 878 (La.1981), at Footnote 1. However, because the venue prescribed by article 3941 of the Louisiana Code of Civil Procedure is jurisdictional, an appellate court can correct an error as to venue on appeal, and there is no irreparable injury on that account. Tinsley v. Tinsley, 602 So.2d 1153 (La.App. 2d Cir.1992), writ denied 604 So.2d 1011 (La.1992). Thus, in retrospect, the grant of a writ of certiorari would have been our proper initial course of action. Nevertheless, with the record now before us, we will proceed to address the venue issue. See North Central Utilities, Inc. v. East Columbia Water District, 516 So.2d 1268 (La.App. 2d Cir.1987).