JjMICHAEL E. KIRBY, Judge.
Relator, Patrick Neal Stewart, seeks review of a judgment denying his exception of improper venue.
According to the writ application and the response thereto, relator and the respondent, Dawn Leleux Stewart, were married for approximately twelve years and two children were born of the marriage. Their matrimonial domicile was in Orleans Parish. On March 17, 2003, a moving company hired by Mrs. Stewart arrived at the Orleans Parish residence and packed up her and her children’s personal belongings and some furniture. After the movers loaded the truck, Mrs. Stewart left the matrimonial domicile with the two children and drove to St. Bernard Parish where they were to live temporarily with Mrs. Stewart’s mother until the Act of Sale was passed on a house in St. Bernard Parish for which Mrs. Stewart had signed a purchase agreement.
Later on that same day, March 17, 2003, before meeting the movers in St. Bernard Parish at a storage unit she rented to store her belongings until she could move into her new house, Mrs. Stewart stopped at her lawyer’s office in Chalmette and executed two Declarations of Intent to Change Domicile to St. Bernard Parish. Mrs. Stewart’s lawyer filed her petition for divorce and one of the Declarations of 1 Jntent to Change Domicile in St. Bernard Parish on the afternoon of March 17, 2003. The other declaration was filed in Orleans Parish on March 24, 2003.
After leaving her lawyer’s office, Mrs. Stewart proceeded to the storage unit where she met the movers and her furniture was unloaded. She and her children spent the night of March 17, 2003 at Mrs. Stewart’s mother’s house in St. Bernard Parish. They stayed at her mother’s house until April 18, 2003, the day following the Act of Sale on the new house. After March 17, 2003, but prior to the hearing on the exception, Mrs. Stewart changed her driver’s license address and voter’s registration to St. Bernard Parish.
In response to Mrs. Stewart’s petition for divorce, Mr. Stewart filed an exception of improper venue, arguing that Mrs. Stewart had not established actual residency in St. Bernard Parish prior to the filing of her petition of divorce in that parish. Mr. Stewart filed a petition for divorce in Orleans Parish on March 24, 2003, and Mrs. Stewart responded with an exception of lis pendens.[1] Following a hearing on April 28, 2003, the trial court in St. Bernard Parish denied the relator’s exception of improper venue on May 12, 2003. This writ application followed.
La. C.C.P. art. 3941 states:
A. An action for an annulment of marriage or for a divorce shall be brought in a parish where either party is domiciled, or in the parish of the last matrimonial domicile.
B. The venue provided in this Article may not be waived, and a judgment rendered in either of these actions by a court of improper venue is an absolute nullity.
l3La. C.C. art. 41, entitled Change of domicile; residence and intent, states:
A change of domicile from one parish to another is produced by the act of residing in another parish, combined with the intention of making one’s principal establishment there.
La. C.C. art. 42, entitled Proof of intent by written declaration, states:
*706 This intention is proved by an express declaration of it before the recorders of the parishes, from which and to which he shall intend to remove.
This declaration is made in writing, is signed by the party making it, and registered by the recorder.
The party alleging a change in domicile has the burden of proving it, and the presumption in favor of the original domicile prevails if there is any reasonable doubt as to the change. Lacroix v. Lacroix, 32,293, p. 3 (La.App. 2 Cir. 9/22/99), 742 So.2d 1036, 1039. In establishing domicile, intent is based upon the actual state of facts and not what one declares them to be. Id.
Although we are unable to determine from the application and response whether Mrs. Stewart’s declaration of intent to change her domicile to St. Bernard Parish was filed immediately prior to or after the filing of her petition of divorce, the circumstances of this case show that Mrs. Stewart established that she had the intent to change her domicile to St. Bernard Parish on the date her petition for divorce was filed. Events that closely follow the filing of a petition for divorce are probative of the issue of intent to the extent that they are evidence of a continuing intent that existed on the date the petition for divorce was filed. Lacroix v. Lacroix, 32,293, pp. 5-6 (La.App. 2 Cir. 9/22/99), 742 So.2d 1036, 1040.
However, we find that Mrs. Stewart did not actually reside in St. Bernard Parish prior to filing her petition for divorce. In order to show a change of | ¿domicile under La. C.C. article 41, a party must demonstrate the intent to change domicile and must actually reside in the new domicile. By Mrs. Stewart’s own admission, her petition for divorce was filed before she spent one night in St. Bernard Parish after leaving the matrimonial domicile in Orleans Parish. In Haik v. Haik, 557 So.2d 453 (La.App. 5 Cir.1990), and in Lacroix v. Lacroix, supra, parties were found to have changed their domicile after living in their new parishes two and three days respectively prior to the filing of divorce proceedings. However, in Page v. Page, 512 So.2d 1234 (La.App. 5 Cir.1987), the Fifth Circuit disallowed a party’s attempt to declare a change in domicile where the evidence showed that he filed for divorce in Jefferson Parish on the same day or one day after moving out of the matrimonial domicile in Plaquemines Parish.[2]
We are cognizant of the First Circuit’s holding in Sheets v. Sheets, 612 So.2d 842 (La.App. 1 Cir.1992), in which the court held that a party had shown that she had changed her domicile to a new parish even though she had not spent one night in the new parish before her petition for divorce was filed. We respectfully disagree with the Sheets holding, and decline to follow it. Additionally, we find that the case of Naccari v. Naccari, 611 So.2d 667 (La.App. 4 Cir.1992), cited by Mrs. Stewart, does not support Mrs. Stewart’s argument for allowing a same day change of domicile. In Naccari, the party found to have changed her domicile filed her petition for divorce more than three weeks after moving to another parish.
| ¡¡Domicile is an issue of fact to be determined on a case-by-case inquiry. *707 Davis v. Glen Eagle Ship Management Corporation, 97-0878, p. 3 (La.App. 4 Cir. 8/27/97), 700 So.2d 228, 230. The factual circumstances of this case show that Mrs. Stewart did not reside in St. Bernard Parish until after the divorce petition was filed. Although she demonstrated her intention to change her domicile to St. Bernard Parish, she did not actually reside in that parish prior to filing her divorce petition. Therefore, Mrs. Stewart did not satisfy the requirements of La. C.C. article 41 for proving a change of domicile. Accordingly, we find that the trial court erred in denying Mr. Stewart’s exception of improper venue.
For the reasons stated above, the writ application is granted, and the trial court judgment denying Mr. Stewart’s exception of improper venue is reversed. Judgment is hereby rendered maintaining Mr. Stewart’s exception of improper venue, and this case is remanded to the trial court for further proceedings consistent with this opinion.
WRIT GRANTED; TRIAL COURT JUDGMENT REVERSED; JUDGMENT RENDERED; CASE REMANDED

. The trial court in Orleans Parish has declined to rule on the exception of lis pendens until this Court rules on the present writ application.

. In Page v. Page, supra, Mr. Page claimed ' that he moved out of the matrimonial domicile in Plaquemines Parish on September 2, 1986 and Mrs. Page claimed that he moved out on September 3, 1986. His petition for divorce was filed in Jefferson Parish on September 3, 1986. The court found that venue in Jefferson Parish was improper whether Mr. Page moved out on September 2, 1986 or September 3, 1986.