WICKER,J.
Iiln this proceeding for divorce, custody, and ancillary matters, defendant, .Zouhair K. Albitar,. assigns error to the trial court’s judgment denying his exceptions of-lack of personal and subject matter jurisdiction and the trial court’s judgment awarding plaintiff, Michelle Lee Lannes Albitar, sole custody of the parties’ minor child, as well as child and spousal support, and.injunc-tive relief related'to the pending divorce proceeding. For the reasons fully discussed herein, we. affirm the trial■ court’s judgments.

PROCEDURAL AND FACTUAL HISTORY

On June 25, 2015, plaintiff-filed a “Petition, for Divorce in Accordance with Louisiana Civil’ Code Article 102 (with Children) and Ancillary Relief Related Thereto,” in the Twenty-Ninth Judicial District Court for the Parish of St. Charles. In her petition, plaintiff alleged that she and defendant were married in New Orleans, Louisiana, in 2002, and that one child was born;of the marriage in 2009. Plaintiffs petition asserted that she was domiciled in St. Charles Parish-, Louisiana, and therefore jurisdiction and venue were proper in St. Charles Parish. In her petition, plaintiff-also sought interim spousal, support and child support in her favor, and an order granting her exclusive use and possession of a 2005 Infiniti QX56. Plaintiff further requested that the trial court issue a temporary restraining order restraining defendant from alienating any. community property, harassing plaintiff, or removing the- minor child from St. Charles Parish without the express consent, of plaintiff or by order of the trial court issued subsequent to a contradictory hearing. Lastly, plaintiff sought an order granting her permanent sole custody of the minor child and designation as the primary domiciliary parent.
Simultaneous to filing her petition, plaintiff filed a motion and order to appoint a curator; alleging that defendant resided outside of the United States of | ¡America and that defendant’s whereabouts were unknown to plaintiff. On July 8, 2015, the trial court appointed a curator ad hoc to represent defendant, and service of plaintiffs petition was made on the curator ad hoc.
On September 9, 2015, defendant filed a “Motion to Enroll as -Counsel of Record for Limited Purpose and Request for Notice,” requesting that the trial court enroll defendant’s counsel, Christine F. Remy, as counsel of record for the limited purpose of challenging jurisdiction and filing exceptions in this ■ case. On that. same date, defendant filed exceptions of insufficient citation and..service of process, improper venue, lack of personal jurisdiction, lack of subject matter jurisdiction, .peremption, no cause of action, and no right of action. On September 30, 2015, defendant’s appointed curator ad hoc filed a motion requesting discharge as curator ad hoc due to Christine F. Rem/s limited appearance enrollment oh behalf of defendant, which the trial court granted.
At a November 2, 2015 hearing on .defendant’s exceptions, the trial judge permitted defendant’s counsel to make a limited appearance for the purpose of arguing the exceptions. In his exceptions, and at the hearing • thereon, defendant argued *337 that the trial court in St.:-Charles Parish lacked jurisdiction over the divorce proceedings, because plaintiff was not domiciled in St. Charles Parish when she filed her petition. Defendant also argued that the trial court lacked jurisdiction over the custody matters under the Uniform Child Custody Jurisdiction and Enforcement Act (hereinafter, “UCCJEA”), La. R.S. 13:1801, et seq., because Louisiana was not the “home state” of the child at the commencement of the custody proceedings, as is required to exercise jurisdiction under La. R.S. 13:1813.
Defendant attached to his memorandum in support of his exceptions, and introduced at the hearing thereon, the following exhibits relevant to this appeal: (1) a copy of the minor child’s United States passport; (2) a document purporting to' be La certified translation of a residence permit issued by Saudi Arabia to the minor child; (3) a document purporting to be a certified translation of a list of travel visas -issued by Saudi Arabia to the minor child; (4) a document purporting to be a certified translation of a residence permit issued by Saudi Arabia to plaintiff; (5) a document purporting to be a certified translation of a list of travel visas issued by Saudi Arabia to plaintiff;[1] (6) a document purporting to be a certified translation of a certificate of completion of kindergarten by the minor child; (7) a notarized “Temporary Residency Verification” signed by plaintiff and her father on June 24, 2015, required for enrollment in St. Charles Parish schools, wherein plaintiff attested that she and the minor child resided with plaintiff’s father at his residence in Destrehan, Louisiana; (8) the parties’ Louisiana marriage certificate issued in 2002; and (9) a Wells Fargo Bank savings' account statement for the period of April 1, 2015 to June 30, 2015, with a mailing address in Kenner, Louisiana. At the hearing plaintiff’s counsel objected to. the authenticity of the translated Saudi Arabian documents.
In her opposition: to defendant’s exceptions, plaintiff alleged that prior to May of 2014, the family resided in League City, Texas, where they acquired a family home and filed tax returns. Plaintiff asserted that siiicé May of 2014 she and the minor child had resided with family in St. Charles Parish, Louisiana. Plaintiff further asserted that' she has been the sole caregiver for the child for his entire life and that the child's family, school, and doctors are located in St. Charles Parish. Accordingly, plaintiff argued, the evidence demonstrated that she had ^established domicile in St. Charles Parish and that Louisiana was the child’s home state.[2]
In support of her opposition to defendant’s exceptions, plaintiff attached to her memorandum, and introduced at the hearing, the following exhibits relevant to this appeal: (1) a copy of a “Declaration of Intent to Change in Domicile” certified by the -Harris County, Texas Clerk of Court as recorded in the public records of Harris County on July 1, 2015; (2) another declaration of intent certified by the St. Charles Parish Clerk of Court as recorded in the St. Charles Parish conveyance records on June 25, 2015; (3) a copy, of plaintiffs Louisiana driver’s license reflecting a St. *338 Charles Parish address and an issuance date of January 1, 2014; (4) a copy of plaintiffs voter registration card reflecting her voting precinct in St. Charles Parish with a registration date of August 6, 2014; (5) tax returns for 2013 and 2014, signed by both parties, which were prepared by an accountant in Metairie, Louisiana, and reflect a Texas mailing address for the parties;. (6) a residential real estate listing agreement for property owned by the couple in Houston, Texas, which was executed on June.23, 2015; and (7) a “Temporary Residency Verification” form required for the minor child to attend St. Charles Parish schools,, notarized on June 24, 2015.
After hearing argument from counsel for both parties, the trial court denied all of defendant’s exceptions in open court. Defense counsel objected to the ruling and gave oral notice of her intent to seek supervisory writs from the trial court’s ruling. The trial court then proceeded to hear plaintiffs petition. Plaintiff testified that the minor child lived exclusively with her throughout his life in either Texas or St. Charles Parish, and that during the previous three years defendant was employed outside of the United States and had visited plaintiff and the child three Intimes. During plaintiffs testimony, defense counsel attempted to object,'but the trial judge warned her that if she participated in the trial on plaintiffs petition, she would be considered enrolled. Defense counsel declined the trial judge’s invitation, and the proceedings continued in the nature of a default hearing. After plaintiff testified, the court heard the testimony of plaintiffs mother, Shelly Hebert Battaglia, who testified that defendant used her address in Kenner, Louisiana to receive mail, including the Wells Fargo bank statement introduced at the hearing. Ms. Battaglia further testified that she had been around defendant when he was in town to visit and that she was aware of every time plaintiff had visited defendant out of the country.
At the conclusion of the hearing, the trial judge rendered a judgment in open court, which was reduced to writing and signed on November 3, 2015, awarding plaintiff interim spousal support in the amount of $2,000.00 per month and child support in the amount of $1,619.00 per month, both of which were ordered retroactive to the June 25, 2015 filing of plaintiffs petition. The trial court awarded plaintiff exclusive use of a 2005 Infiniti QX56 automobile and granted plaintiff permanent injunctive relief enjoining defendant from: mortgaging, alienating, encumbering, or disposing of any community assets, changing the beneficiary designation on any and all life insurance policies, retirement plans, and pension plans, and removing the minor child from St. Charles Parish without the express written consent of plaintiff or by order of the trial court. The trial court further ordered that both parties’ rights be reserved to partition the community property regime. Finally, in its written judgment the trial court granted defendant “the right to file the appropriate- pleadings to challenge the [trial court’s] rulings within sixty days,” and declared that the order was “interim” in nature and would be considered permanent and final if no opposition was timely filed by defendant. In the written judgment, the trial court directed service upon defendant through his |fiattorney, Christine F. Remy. On that same day, defendant filed a written notice of intent to seek supervisory review of the trial court’s oral denial of defendant’s exceptions. On November 17, 2015, the trial judge signed a written judgment denying defendant’s exceptions and ordering defendant to file a writ application within thirty days if he should so choose.
*339 On November 20, 2015, defendant filed an “Exception of Insufficiency of Service of Process of the Judgment Rendered on November 2, 2015 and Signed on November 3, 2015.” In his exception, defendant alleged that the trial court’s November 3, 2015 written judgment ordering, inter alia, custody and support awards in favor of plaintiff was served upon his attorney, who had attempted to make a limited appearance but had not enrolled as counsel of record for any purpose other than filing exceptions to the plaintiffs petition and challenging jurisdiction. Thus, defendant argued that mailing notice to counsel of the November 3, 2015 judgment, which concerned proceedings in which defense counsel had not. enrolled, was insufficient under La. C.C.P. art. 1913.
On December 18, 2015, this Court denied defendant’s writ application, finding that the trial court’s denial of his exceptions of lack of personal and subject matter jurisdiction were interlocutory rulings and that defendant would have an adequate remedy on appeal. See Albitar v. Albitar, 15-717 (La.App. 5 Cir. 12/18/15) (unpublished writ disposition).
On December 22, 2015, defendant filed a motion “pursuant to Louisiana Code of Civil Procedure art. 3942 and 3943 ... to appeal devolutively from the final judgment rendered in this action.”[3] On January 6, 2016, the trial court granted défen-dant’s motion for devolutive appeal. However, on January 11, 2016, |7the trial court signed a “Consent Judgment” granting defendant’s exception of insufficient service of the November 3, 2015 written judgment. The consent judgment further ordered:
[T]hat the purported ‘Notice of Judg- • ment’ and/or mailing of ‘Notice of Judgment,’ rendered November 2, 2015, and signed by this Honorable Court on November 3, 2015, on undersigned counsel, who only made a ‘limited appearance for the purpose of filing the Exceptions,’ shall not constitute ‘Notice of Judgment’ or affect Zouhair K. Albitar’s time delays for taking an appeal of the Judgment rendered by this Honorable Court on the 2nd day of November, 2015 and signed by this- Honorable Court on the 3rd day of November, 2015.

LAW AND ANALYSIS

Procedural Issues

Upon review of the record several procedural errors presenting jurisdictional issues are apparent. Accordingly, we address these threshold issues before analyzing the merits of defendant’s appeal.
The. trial court designated its November 3, 2015 written judgment as “interim in nature” and granted defendant sixty days from the signing of judgment to “file the appropriate pleadings to challenge the ... ruling.” Contrary to the trial court’s designation, judgments awarding custody or support of a person are final appealable judgments. See La. C.C.P. art. 3943; See also, Dupuy v. Dupuy, 00-2744 (La.App. 1 Cir. 3/28/01), 808 So.2d 562, 565. Moreover, La. C.C.P. art. 3943 provides that the delay for taking an appeal-from a judgment awarding custody or support of a person can be taken only within *340 thirty days from the expiration of the- delay for applying for a new trial, if no application is timely filed. La. C.C.P, art. 1974 provides-that the delay for applying for a new trial shall be seven days, exclusive of holidays. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by La, C.C.P. art. 1913, which provides that |8notice of a final judgment must be mailed to the counsel of record for each party, and to each party not represented by counsel. A trial court’s order granting a party an appeal delay in excess of that set by the. controlling statute is ineffectual. State ex rel. E.A., 02-996 (La.App. 3 Cir. 10/2/02), 827 So.2d 594, 596.
Despite the trial court’s order to the contrary, under the delays provided by the Code of Civil Procedure, the delay for appealing the judgment at issue, signed and mailed on November 3, 2015, would have expired prior to defendant’s December 22, 2015 filing of his motion for appeal had the mailing of notice of judgment been effective. Because defendant was not represented by counsel during the hearing on plaintiffs petition, the clerk was required by La. C.C.P. art. 1913 to mail the notice of judgment to defendant personally, rather than to defendant’s' counsel, who appeared only for purposes of the exceptions. Accordingly, the clerk’s mailing of notice of judgment to counsel did not commence the delays for applying for a new trial or filing a motion for appeal.
Louisiana courts have reasoned that the requirement that the clerk of court mail notice of final judgment is to give parties notice of judgment in order, to timely move for a new trial or an appeal. See Bank of A.M. v. Clower, 44,749 (La.App. 2 Cir. 9/23/09), 24 So.3d 911, 916, writ denied, 09-2330 (La.1/8/10), 24 So.3d 873; X-L Finance Company v. Hollinger, 185 So.2d 873 (La.App. 3 Cir.1966). When a party who has not received proper notice of judgment files a motion for appeal of that same judgment, the party clearly has actual notice of the judgment. Accordingly, if a party moves for and is granted an appeal prior to service of notice of judgment, he is deemed to either have notice or to waive notice. Bank of A.M., 24 So.3d at 916; See also, Tarver v. Anderson, 358 So.2d 1000 (La.App. 3 Cir.1978); Carlisle v. Carlisle, 313 So.2d 908 (La.App. 2 Cir.1975), writ denied, 319 So.2d 442 (La.1975).
| aOur review of the record reveals no evidence indicating that the clerk of court reissued notice of the November 3, 2015 judgment on defendant personally, as required by La. C.C.P. art. 1913. Nevertheless, on November 20, 2015, defendant’s counsel filed an exception of insufficient service of the judgment. Thereafter, defendant filed a motion for appeal on December 22, 2015. Accordingly, we find that defendant had actual notice of the final judgment as early as November 20, 2015, on which date he waived notice of judgment and the delay for applying for a new trial and filing a motion for appeal commenced. Accordingly, we find that defendant’s December 22, 2015 motion for appeal was timely.
The last procedural issue we address is the trial court’s signing of a “consent judgment” on January 11, 2016, granting defendant’s exception of insufficient service of the judgment and ordéring that the mailing of notice of judgment on November 3, 2015 have no effect on defendant’s time delays for appealing the judgment.
Article 2088 of the La.Code of Civil Procedure provides that “[t]he jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, *341 ... on the granting of the order of appeal, in the. case of a devolutive appeal.” • While Article 2088 enumerates- limited matters over which the trial court retains jurisdiction after granting a motion for appeal, the orders contained within the January 11, 2016 consent judgment do not fall within the ambit of these limited exceptions. Accordingly, the consent judgment rendered by the trial court during the pendency of this appeal is null and without effect. See Schnatz v. Schnatz, 501 So.2d 318, 321 (La.App. 5 Cir.1987).

\mThe Merits

In his first assignment of error, defendant argues that the trial court erred, in denying his exceptions to plaintiffs petition, because the trial court lacked personal and subject matter jurisdiction over the various claims related to plaintiffs petition for divorce.
Jurisdiction, a term with multiple meanings, primarily , indicates the power to adjudicate. See La. C.C.P. art. 1 (defining jurisdiction as a court’s legal power and authority to hear an action and grant relief). Subject matter jurisdiction, defined by La. C.C.P. art. 2 as “the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute,' or the value of the right asserted,” is an essential element for every civil action. In every civil case in Louisiana, the court must have not only subject matter jurisdiction, but also either (1) personal jurisdiction under La. C.C.P. art. 6, (2) property jurisdiction under La. C.C.P. art. 8 or 9, or (3) status jurisdiction under La. C.C.P; art. 10. Jurado v. Brashear, 00-1306 (La.3/19/01), 782 So.2d 575, 577.

Jurisdiction over the Divorce and Ancillary■ Matters .

In her petition,-, plaintiff sought, inter alia, a judgment of divorce -after the delays required by La. C.C. art. 102, along with orders awarding plaintiff interim spousal support, exclusive use of a vehicle, and injunctive relief related to the pending divorce proceedings. Defendant argues that the trial court erred in granting plaintiffs requested' relief because it lacked subject matter jurisdiction to render those orders and lacked jurisdiction over defendant’s person.
La. C.C.P. art. 10 provides that a Louisiana trial court' has jurisdiction over a divorce action, if at the time of filing, one or both of the spouses are domiciled in Louisiana. Moreover, under La. C.C.P. art. 3941, the venue of a divorce action is J_yjurisdictional and cannot be waived. Lacroix v. Lacroix, 32,293 (La.App. 2 Cir, 9/22/99), 742 So.2d 1036, 1039. The proper venue for a divorce action is the parish where either party is domiciled or in the parish of the last matrimonial domicile. La. C.C.P. art. 3941(A). There is no dispute that defendant was not domiciled in Louisiana at the time plaintiff filed her petition, nor do the parties dispute that the last matrimonial domicile.was outside of Louisiana. Therefore, the only issue we address is whether plaintiff was domiciled in St. Charles Parish at the time she filed her petition.
The domicile of a natural person is the place of his habitual residence. La. C.C.P. art. 38. Domicile is maintained until acquisition of a new domicile. La. C.C.P. art. 44. A natural person changes domicile when he moves his residence to another location with the intent to make that location his habitual residence. Id. Proof of orife’s intent to establish or change domicile depends on the circumstances. A sworn declaration of intent recorded in the parishes from which and to which he intends to move -may be considered as evidence of intent. La. C.C.P. art. 45.
*342 In establishing domicile, intent is based upon the actual state of facts and not what one declares them to be. La-croix, 742 1 So.2d at 1039. The circumstances indicating establishment of a domicile include where a person sleeps, takes his or her meals, has established his or her household, and surrounds himself or herself with family and the comforts of domestic life. Id. (citing Sheets v. Sheets, 612 So.2d 842 (La.App. 1 Cir.1992)).
The determination of plaintiffs intent to establish domicile in St. Charles Parish is a question of fact; the trial court’s findings of fact are not disturbed on appeal unless they are clearly wrong or manifestly erroneous. Stobart v. State, through Department of Transportation & Development, 617 So.2d 880 ‘(La.1993); Rosell v. ESCO, 649 So.2d 840 (La.1989). Reversal is warranted only if the | ^appellate court finds that a reasonable factual basis for the trial court’s finding does not exist in the record, and that the finding is clearly wrong on the record. Mart v. Hill, 505 So.2d 1120 (La.1987). The great discretion accorded the trial court is grounded in the court’s superior capacity to assess the credibility of the witnesses, because only the trier of fact can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. Rosell, 549 So.2d at 844.
It is undisputed that plaintiff was physically residing in St. Charles Parish at the time she filed her petition. Therefore our inquiry turns to whether the evidence shows that plaintiff possessed the requisite intent to make St. Charles Parish her habitual residence at the time she filed her petition.
Louisiana jurisprudence offers guidance as to relevant circumstances to consider in determining whether a spouse has shown the requisite intent' to- change domicile. Factors relevant to this appeal include a spouse changing his or her driver’s license or voter registration to reflect an address within the new domiciliary parish, and arranging for child care within the new domiciliary parish. See, e.g., Page v. Page, 512 So.2d 1234 (La.App. 5 Cir.1987); Lacroix, 742 So.2d at 1040-41; Naccari v. Naccari, 611 So.2d 667 (La.App. 4 Cir.1992); Sheets, 612 So.2d at 844.
At the hearing on defendant’s exceptions, plaintiff introduced the declarations of intent to change domicile from Texas to St. Charles Parish, which plaintiff executed before a notary' and two witnesses on June 24, 2015. Additionally, plaintiff introduced her personal driver’s license, issued on January 14, 2014, reflecting a St. Charles Parish address, and her voter registration card, reflecting that she registered to vote in St. Charles Parish on August 6, 2014. Plaintiff also introduced a “Temporary Residency Verification” form required for |1sthe minor child to attend St. Charles Parish schools, notarized on June 24, 2015, wherein plaintiff attested to residing in St. Charles Parish with her father at the same address listed on her previously issued driver’s license.
Defendant asserts that plaintiffs declarations of intent and temporary residency verification, which plaintiff executed one day prior to .filing her petition, demonstrate that plaintiff did not possess a bona fide intent to establish St. Charles as her domicile; rather, defendant argues, plaintiff is attempting to manufacture jurisdiction in St. Charles Parish. Defendant alleges that plaintiff and the minor child were domiciliaries of Saudi Arabia for at least four years prior to the date plaintiff filed her petition and that they returned to the United States for a vacation rather than to remain there. In support of his argument, plaintiff filed numerous documents purporting to reflect translated Sau *343 di Arabian government documents showing that plaintiff and the minor child were issued travel visas within Saudi Arabia during the marriage and that the minor child attended school in Saudi Arabia during the year prior to plaintiff filing her petition.
Plaintiff concedes that she visited Saudi. Arabia during 2015 for several months to attempt to reconcile with defendant, but that she returned to St. Charles Parish, where she had previously established domicile, in May of 2015 after the reconciliation attempts failed.
Upon review of the competent evidence introduced at the hearing, we find that plaintiff became a domiciliary of St. Charles Parish as early as 2014. On June 24, 2015, plaintiff executed declarations of intent to change domicile, wherein she attested by authentic act that she moved to St. Charles Parish in mid-2014 with the intent to abandon her former domicile and establish St. Charles Parish as her new domicile. Though the declarations of intent and temporary residency verification were not executed until one day prior to commencing these proceedings, plaintiffs | uattestations therein were corroborated by her driver’s license, reflecting a St. Charles Parish address and an issuance date in 2014, and her voter’s registration card, reflecting plaintiffs registration to vote in St. Charles Parish in 2014. Furthermore, the residential real estate listing agreement for the former family home supports the conclusion that plaintiff had no intent to return to Texas.
While plaintiff admitted to travelling to Saudi Arabia for an extended visit in 2015, the record is devoid of any evidence shoeing plaintiffs intent to relinquish her St. Charles Parish domicile and establish Saudi Arabia as her new domicile. None of the Saudi Arabian documents introduced by defendant bear the certifications required by La. C.E. art. 902(3) to authenticate foreign public documents, nor was there any extrinsic evidence introduced to authenticate ■ either the documents themselves or the accompanying translations. Moreover, even if admissible, the travel visas and residence permits introduced by defendant fail to positively establish plaintiffs and the minor child’s physical presence in Saudi Arabia; rather, this evidence would merely show that plaintiff and the minor child had governmental permission to travel therein. Considering the foregoing evidence, we find no manifest error in the trial court’s finding that plaintiff was domiciled in St. Charles Parish prior .to filing .her petition. Accordingly, we find that the trial court has jurisdiction over the divorce proceedings pursuant to La. C.C.P. art. 10.
However, only the marital status is subject to adjudication under the status jurisdiction conferred by La. C.C.P. art. 10.' Ancillary claims for alimony or support require personal jurisdiction over the nonresident defendant who owes the personal obligation. Jurado, 782 So.2d at 577, n. 2. Thus, we must determine whether the trial court had personal jurisdiction over defendant, as required to issue the ancillary support orders.
|1fiWhen reviewing a trial court’s legal ruling on a declinatory exception of lack of personal jurisdiction, an appellate court applies a de novo standard. Jacobsen v. Asbestos Corp., 12-655 (La.App. 5 Cir. 5/30/13), 119 So.3d 770, 778. However, the trial court’s factual findings underlying the decision are reviewed under the manifest error standard.of review. Id.,
The Louisiana long-arm statute, La. R.S. 13:3201, provides for the exercise of personal jurisdiction over a nonresident defendant. 1 Subsection B of the statute *344 provides that jurisdiction under the long-arm statute extends to the limits allowed by due process. Thus, “if the assertion of jurisdiction meets the constitutional requirements of due process the assertion of jurisdiction is authorized under the long arm statute.” Fox v. Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, 576 So.2d 978 (La.1991).
This due process requirement has evolved into a two-part test. In order to subject a nonresident defendant to personal jurisdiction, the defendant must have certain minimum contacts with the forum state such" that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); de Reyes v. Marine Mgt. and Consulting, 586 So.2d 103 (La.1991).
The “minimum contacts” prong is satisfied by a single act or actions by which the defendant “purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its. laws.” Burger King-Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985). This “purposeful availment” must be such that the defendant “should reasonably anticipate being haled into court” in the forum state. Ruckstuhl v. Owens Corning Fiberglas Corporation, 98-1126 (La.4/13/99), 731 So.2d 881, 885, cert. denied, 528 U.S. 1019, 120 S.Ct. 526, 145 L.Ed.2d 407 (1999). This part of the test ensures that the defendant will not be haled into a jurisdiction solely as a result of a random, fortuitous, or attenuated contact, or by the unilateral activity of another party or a third person, de Reyes, 586 So.2d at 106; Alonso v. Line, 02-2644 (La.5/20/03), 846 So.2d 745, cert. denied, 540 U.S. 967, 124 S.Ct. 434, 157 L.Ed.2d 311 (2003). If the defendant deliberately engages in significant activities within a state, or creates continuing obligations between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there. Because his activities are shielded by the benefits .and protections of the forum’s laws, it is presumptively not unreasonable to require the defendant to submit to the burdens of litigation in that forum, de Reyes, 586 So.2d at 106.
The second part of the due process test centers around the fairness of the assertion of jurisdiction. Once minimum contacts are established, these contacts may be considered in light of .other - factors to determine whether the assertion of personal jurisdiction would comport with “fair play and substantial justice.” Burger King Corp., 471 U.S. at 476, 105 S.Ct. 2174. Thus, once the plaintiff meets his burden of proving minimum contacts, “a presumption of reasonableness of jurisdiction arises” and “the burden then shifts to the opposing party to prove the assertion of jurisdiction would be so unreasonable in light of traditional notions of fair play and substantial justice as to overcome the presumption of reasonableness created by the defendant’s minimum contacts with the forum.” de Reyes, 586 So.2d at 107. In determining this fundamental fairness issue, the relevant; considerations are: (1) the defendant’s burden; (2) the forum state’s interest; (3) the plaintiffs interest in convenient, and effective relief; (4) the judicial system’s interest in efficient resolution of controversies; and (5) the state’s shared interest in furthering fundamental social policies. Ruckstuhl, 731 So.2d at 890.
117Applying the law to the facts of this case, we find that- defendant had sufficient minimum contacts with the state of Louisiana to reasonably anticipate being haled *345 into court in Louisiana. The record reflects that plaintiff and defendant were married in New Orleans in 2002 and that both of plaintiffs parents reside in Louisiana. At the hearing on plaintiffs petition, plaintiffs mother testified that during the course of the parties’ marriage, defendant directed some of his mail, including bank statements, to be delivered to her address in Kenner, Louisiana. Additionally, in 2018 and 2014, the parties employed an accountant located in Metairie, Louisiana to prepare their tax returns. Because defendant deliberately engaged in activities shielded by the benefits and protections of Louisiana law, we find it presumptively reasonable to require that he submit to the burdens of litigation in Louisiana.
Turning to the issue of fundamental fairness, we find that assertion of jurisdiction is not so unreasonable as to offend the traditional notions of fair play and substantial justice. Having already concluded that the trial court had jurisdiction over the divorce proceeding, we find that Louisiana has a significant interest in adjudicating those ancillary claims for support and injunctive relief which are intricately intertwined with the divorce proceeding.For that same reason, we find that the assertion of jurisdiction over those ancillary matters would further the judiciary’s interest in efficiently resolving all of the related claims asserted within plaintiffs petition and would further plaintiff’s interest in obtaining convenient and effective relief. Finally, we find that Texas, where the parties co-owned real estate and filed joint tax returns, may be an alternative forum state possessing jurisdiction over defendant’s person. Given defendant’s current residence in the distant country of Saudi Arabia, we find that any burden imposed on defendant by requiring litigation in Louisiana,-as opposed to the alternative forum of our- nearby neighboring state of Texas, is insignificant.
| ^Accordingly, we find no error in the trial court’s denial of defendant’s exception Qf lack of personal-jurisdiction.

Jurisdiction over Custody Matters

In his second assignment of error, defendant argues that even if the trial court had jurisdiction over plaintiffs petition for divorce and ancillary matters related thereto, the trial court did not have jurisdiction over any matters related to the custody proceedings under the UCCJEA.
Under La. Const, art. V, § 16(A), the trial court in St. Charles Parish had subject matter jurisdiction to adjudicate the particular class of action, i.e., child custody- and support matters.[4] See Jurado 782 So.2d at 577. However; the UCCJEA grafts a second tier of inquiry onto the question of subject matter jurisdiction for Louisiana courts considering child custody issues." A Louisiana court may have subject matter jurisdiction, but must decline that jurisdiction based on jurisdictional limitations,imposed by the UC-CJEA. See Amin v. Bakhaty, 01-1967 (La.10/16/01), 798 So.2d 75, 80. These limitations further the UCCJEA’s purposes, including avoiding jurisdictional competition, assuring that custody litigation takes •place in the state with which the child and his family have the “closest connection” and where relevant evidence is located, promoting a stable home environment, deterring abductions,.and encouraging cooperation among the courts of -different states. Stelluto v. Stelluto, 05-0074 (La.6/29/05), 914 So.2d 34, 39. Although likened to subject matter jurisdiction, the *346 choice of the optimum jurisdiction to resolve custody battles under the UCCJEA actually focuses on the strength of connections between the minor child and the state, more akin to a personal jurisdiction analysis. Amin, 798 So.2d at 80-81. However, our lower courts have generally approached the limitations imposed by the UCCJEA as | ^equivalent to declarations of subject matter jurisdiction which mandate that the jurisdictional requirements of the UCCJEA be met when the custody request is filed. Id. at 81.[5]
The UCCJEA provides four alternatives as a basis for a state to assert jurisdiction: (1) “home state” jurisdiction; (2) “significant connection” jurisdiction; (3) “emergency” jurisdiction; and (4) “residual” jurisdiction. See La. R.S. 13:1813(A).[6] The UCCJEA defines “home state” as:
[T]he state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. In the case of a child less than six months of age, the term means the state in which the child lived from birth with any of the persons mentioned. A period of temporary absence of any of the mentioned persons is part of the period.
La. R.S. 13:1802(7)(a).
|g(At the hearing on defendant’s exceptions, plaintiff introduced certified copies of her two declarations of intent to change domicile, which were recorded in both Harris County, Texas, and St. Charles Parish. Within these filings, which are in authentic form, plaintiff averred that in May of 2014 she moved from Harris County, Texas to St. Charles Parish, where she *347 remained at the time she filed her petition. At the hearing, plaintiff testified that, since the minor child’s birth, he has lived solely with plaintiff in either Texas or St. Charles Parish.
As he argued in support of his first assignment of error, defendant again asserts that plaintiff and the minor child lived with defendant in Saudi Arabia for the majority of the child’s life. Defendant further asserts that shortly before filing her petition, plaintiff and the child were living in Saudi Arabia with defendant and returned to the United States for a temporary visit. In support of his exception, defendant points to the Saudi Arabia documents introduced at the exception hearing. For the reasons discussed above, we will not consider these documents in our de novo review.
Upon review of the competent evidence in the record, we find that plaintiffs authentic declarations of intent to change domicile, corroborated by her testimony, updated driver’s license, and updated voter registration, established that the minor child began living in Louisiana more than twelve months prior to commencing the custody proceedings and for a period exceeding six consecutive months. The totality of competent evidence in the record reflects that any absence from Louisiana during the period leading up to the commencement of these custody proceedings was a “temporary absence” within the definition of home state as provided by La. R.S. 13:1802.
We also find that litigation of the custody proceeding in Louisiana comports with the purposes of the UCCJEA Plaintiff testified that she has been the minor | gichild’s sole care giver since his birth and that the child has only ever resided in Louisiana and Texas. Furthermore, the record reflects that the child’s maternal grandparents live in Louisiana. By contrast, plaintiff testified that though she and defendant co-owned their family home in Texas, defendant spent the majority of his time abroad and only returned to Texas for a few days each year, and defendant has put forth no other evidence demonstrating a potential connection between the child and Texas or any other state. This evidence demonstrates that Louisiana is the state with the “closest connection” to the child and that relevant evidence, in the form of family members’ testimony, is located in Louisiana. Moreover, there is no evidence in the record of any proceedings pending in a Texas court, assuring us that assertion of jurisdiction by a .Louisiana court will not promote jurisdictional competition. Finally,, the evidence demonstrates that the child resided in Louisiana with his mother and grandfather for more than a year preceding the commencement of these proceedings, persuading this Court that litigation in Louisiana will further promote a stable home environment for the minor child.
Accordingly, we find no error in the trial court’s denial of defendant’s exception of subject matter jurisdiction over the custody proceedings.

Denial of Defense Counsel’s Motion for a Limited Appearance at Trial

In his final assignment of error, defendant argues that the trial court erred in allowing trial of plaintiffs petition to proceed by default after refusing defense counsel’s request to make a limited appearance to defend defendant therein.
The record reflects that defendant’s counsel filed a written motion to enroll as counsel of record for the limited purpose of challenging jurisdiction and filing exceptions, pursuant to La. Dist. Ct. R. 9.12,[7] *348 and appeared.-at the November 2, 122^015 hearing on defendant’s exceptions for the limited purpose of arguing those exceptions. Following denial of defendant’s exceptions, the trial court proceeded with plaintiffs petition. During plaintiffs testimony, defense counsel attempted to object, but the trial judge warned her that if she participated in the proceedings on plaintiffs petition, she would be considered enrolled for that purpose. Subsequently, defense counsel refrained from any further participation in the proceedings on plaintiffs petition, and the trial court heard plaintiffs petition in the nature of a default proceeding.
The Louisiana long-arm statute provides that personal jurisdiction over nonresident defendants in Louisiana is- coextensive with the limits allowed by due .process. See Fox, 576 So.2d 978. Under both Louisiana and federal law, it is well-established that parties who choose to litigate actively on the merits thereby surrender any objections to personal jurisdiction. Brokerwood Prods. Int’l, Inc. v. Cuisine Crotone, Inc., 104 Fed.Appx. 376, 380, n. 3 (5th Cir.2004); See also, Dazet Mortg. Solutions v. Faia, 12-486 (La.App. 5 Cir. 4/10/13), 116 So.3d 711, 715-16. By contrast, a party may timely file an exception to a court’s lack of personal jurisdiction and thereafter preserve its objection to personal jurisdiction by pursuing the defense in the supervisory court or by way of an action for nullity under La. C.C.P. art. 2002.
The record reflects that the trial judge did not prevent defense counsel from litigating the merits of plaintiffs case but merely warned her, correctly, that participation in that stage of the proceedings would exceed the limited purpose of her appearance. Defense counsel was-.free at that point to waive her objection to personal jurisdiction and defend her client on the merits but instead madé a strategic choice to remain silent, preserving.the personal jurisdiction objection for supervisory review by way of the application for supervisory writs and .the instant ^appeal filed with this Court. Moreover, defense counsel failed to move the trial court for a continuance or a stay of the proceedings pending a disposition from this Court on her writ application. Defense counsel’s assignment of error essentially amounts to a strategic choice on her part that resulted in an unfavorable outcome. Accordingly, we find no error in the trial court proceeding with plaintiffs petition by default.

CONCLUSION

For the foregoing reasons, we find no error in the trial court’s denial of defendant’s exceptions and grant of plaintiffs petition, and we affirm the trial court’s November 3, 2015, and November 17, 2015 judgments.

AFFIRMED

. The lists of travel visas for plaintiff and the minor child reflect issuance and expiration dates for those visas in the* calendar format employed by Saudi Arabia. Defendant also introduced tables purporting to show the corresponding dates in the Western calendar format.

. Plaintiff also argued that the trial court had jurisdiction, because Under the law of defendant’s preferred forum, Saudi Arabia, plaintiff would have no rights. However, neither party introduced evidence pertaining to Saudi Arabian law. Accordingly, we do not opine on that issue.

. La. C.C.P. arts. 3942 and 3943 provide that an appeal from a judgment granting or refusing a divorce or an appeal from a judgment awarding custody or support of a person can be taken only within thirty days from the expiration of the delay for applying for a new trial, if no application has been filed timely, pursuant to La. C.C.P. art. 2087. La. C.C.P. art. 1974 provides that the delay for applying for a new trial, which commences to run on the day after the clerk has mailed, or the sheriff has served, the notice 'of judgment, shall be seven days, exclusive of holidays.

. Louisiana Constitution Article V, § 16(A), provides in pertinent part: “Original Jurisdiction. (1) Except as otherwise authorized by this constitution ..., a district court shall have original jurisdiction of all civil and criminal matters.,...” .

. While Amin v. Bakhaty and Stelluto v. Stelluto were interpreting the former Uniform Child Custody Jurisdiction Act ("UCCJA”), La. R.S. 13:1700, et seg., which was repealed by 2006 La. Acts, No. 822 (effective August 15, 2007), the UCCJA was substantially reenacted as the UCCJEA and contains nearly identical provisions as the UCCJA. For this reason, we conclude that the rationale expressed in Amin v. Bakhaty and Stelluto v. Stelluto is equally applicable to the current child custody jurisdiction law, the UCCJEA.

. La. R.S. 13:1813(A) provides:
Except as otherwise provided in R.S. 13:1816, a court of this state has jurisdiction to make an initial child custody determination only if:
(1)This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commence- ■ ment of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state, or had been the child’s home state within twelve months before commencement of the proceeding and the child is absent from the state because he was required to leave or was evacuated due to an emergency or disaster declared under the provisions of R.S. 29:721 et seq., or declared by federal authority, and for an unforeseen reason resulting from the effects of such emergency or disaster was unable to return to this state for an extended period of time.
(2) A court of another state does not have jurisdiction or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under R.S. 13:1819 or 13:1820, and
(a) The child and the child’s parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.
(b) Substantial evidence is available in this state concerning the child’s care, protection, training, and personal relationships.
(3) All courts having jurisdiction have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under R.S. 13:1819 or 13:1820; or
(4) No court of any other state would have jurisdiction under the criteria specified in Paragraph (1), (2), or (3) of this Subsection.

. La. Dist. Ct. R. 9.12 provides in pertinent part: “All licensed Louisiana attorneys in *348 good standing may enroll as Counsel of record: (1) by oral notice made in open court .when all parties or their counsel are present; or (2) by filing a written Notice of Enrollment or a written Notice of Limited Appearance. ...”