# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**23-314 consolidated with 23-315**

ZACHARY CHARLES MCNEIL

VERSUS

VICTORIA ANN STERN

consolidated with

VICTORIA ANN STERN

VERSUS

ZACHARY CHARLES MCNEIL

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 109248 C/W 110343
HONORABLE DAVID BLANCHET, DISTRICT JUDGE

**********

## ELIZABETH A. PICKETT
### CHIEF JUDGE

**********

Court composed of Elizabeth A. Pickett, Ledricka J. Thierry, and Wilbur L. Stiles, Judges.

**AFFIRMED.**

Elizabeth K. Fox
Mitchell J. Hoffman
Hoffman, Nguyen, & Kuehl, LLC
643 Magazine Street, Suite 401
New Orleans, LA 70130
(504) 507-1288
COUNSEL FOR DEFENDANT- APPELLANT:
    Victoria Ann Stern

**Gabe A. Duhon**
**Attorney at Law**
**105 Tivoli Street**
**Abbeville, LA 70511-0478**
**(337) 893-3423**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
     **Zachary Charles McNeil**

**PICKETT, Chief Judge.**

The appellant, Victoria Stern, appeals the judgment which found that the district court has subject matter jurisdiction in this custody dispute and denied Ms. Stern's motion to register a foreign order.

## FACTS

Ms. Stern gave birth to a son, Christian, on December 1, 2020 at a Texas hospital. After Christian was born, Ms. Stern contacted Zachary McNeil to suggest that he may be the father of Christian. Mr. McNeil traveled to Texas, where he completed a paternity test, which determined that he is the father of Christian.

On March 4, 2021, Mr. McNeil filed a Rule to Establish Paternity and Custody, for Joint Custody Implementation Plan and for Injunctive Relief (assigned docket number 109248) in Vermilion Parish. Mr. McNeil alleged that he was the father of Christian, and that he and Ms. Stern had never been married. He also alleged that Ms. Stern and Christian were domiciled in Vermilion Parish, and thus venue was proper in Vermilion Parish. Citing a paternity test attached to his petition, he sought judicial recognition as the biological and legal father of Christian. He further alleged that Ms. Stern was threatening to leave the state of Louisiana and requested that the court issue a temporary restraining order prohibiting Ms. Stern from removing Christian from the jurisdiction of the court. Attached to the petition was an affidavit signed by Mr. McNeil stating that there were no proceedings "concerning the custody, visitation, paternity, protective order, . . .. or any other proceeding concerning the child in this state or any other state[.]"

On March 5, 2021, Judge Earles signed a temporary restraining order prohibiting Ms. Stern from removing Christian from the jurisdiction of the Fifteenth Judicial District Court and issued a Rule to Show Cause ordering Ms.

Stern to appear for a hearing officer conference scheduled for April 6, 2021. Ms. Stern was personally served with the petition and the restraining order at her Abbeville residence on March 10, 2021.

In response, on March 15, 2021, Ms. Stern filed a petition in a Texas court seeking to establish Mr. McNeil's paternity of Christian and to establish custody of Christian. In her First Amended Petition in the Texas court, Ms. Stern alleged that she and Christian lived in Texas since his birth on December 1, 2020. Ms. Stern executed an affidavit acknowledging the proceeding filed in Vermilion Parish by Mr. McNeil. The court in Texas held a hearing on subject matter jurisdiction on April 5, 2021. Judge Heppard deferred a ruling on the issue of jurisdiction pending a conference call with Judge Earles. Judge Heppard was never able to contact Judge Earles.

Meanwhile, on March 21, 2021, Ms. Stern traveled to Texas with Christian, in violation of the temporary restraining order issued by Judge Earles on March 5. On March 22, 2021, Mr. McNeil filed a rule for contempt in the Louisiana case. Ms. Stern was personally served with the rule for contempt at her home in Abbeville.

Also on April 5, 2021, Ms. Stern filed an Exception of Lack of Subject Matter Jurisdiction, Lis Pendens, and Forum Non Conveniens in the Louisiana suit. On June 8, 2021, Mr. McNeil filed an amended petition to establish paternity, and alleged that Ms. Stern removed the child to Texas, and he had not been able to see Christian since March 4, 2021. Judge Frederick, the duty judge in the 15th JDC, signed an order on June 9, 2021, directing law enforcement to assist in the return of Christian to Mr. McNeil in Louisiana.

Judge Earles held a hearing on June 18, 2021, on Ms. Stern's exceptions. Judge Earles found that Ms. Stern and Christian had significant contacts with

Louisiana. He denied Ms. Stern's exceptions of lack of subject matter jurisdiction, lis pendens, and forum non conveniens in a judgment dated June 23, 2021. That judgment set a hearing before a hearing officer on July 20, 2021. That hearing occurred on July 21, 2021, though Ms. Stern did not appear. The hearing officer issued a recommendation on that same date granting sole custody of Christian to Mr. McNeil, with supervised visitation for Ms. Stern. Mr. McNeil has had custody of Christian since June 24, 2021. When neither Mr. McNeil nor Ms. Stern filed an objection to the recommendation by July 30, 2021, Judge Earles signed a judgment adopting the recommendation of the hearing officer on August 2, 2021.

Ms. Stern filed a Notice of Intention to Apply for Supervisory Writs of Review and Request for Stay on July 22, 2021. On July 26, Judge Earles signed an order granting Ms. Stern until August 26, to file an application for supervisory writs with this court. That order also stayed the proceedings in the district court "pending resolution of the Application for Writs of Review."

Ms. Stern's application for supervisory writs on the issue of subject matter jurisdiction of the Louisiana court was denied by this court on September 20, 2021. The Louisiana Supreme Court denied an application for writ of review on October 28, 2021. On October 29, 2021, Ms. Stern filed an objection to the July 21, 2021, recommendation of the hearing officer.

Ms. Stern filed a Petition to Annul Judgment, for Stay Order, and for Injunctive Relief in a separate docket number (110343) on December 20, 2021. She argued that the August 2, 2021, judgment signed by Judge Earles should be annulled on three grounds. First, she argued that the trial court lacked subject matter jurisdiction pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) (La.R.S. 13:1801 et seq.), because Louisiana is not Christian's home state. Second, she argued that the trial court issued its judgment

3

without a legal finding of paternity pursuant to La.R.S. 392.1. Third, she argued that the judgment was issued by Judge Earles while a stay order, also issued by Judge Earles, was pending. She also argued in her petition that the judgment should be annulled because of Judge Earles' failure to communicate with the court in Texas. Ms. Stern argued that the trial court should stay proceedings in the original suit pending determination of the issue of nullity and asked the court to enjoin enforcement of the August 2, 2021, judgment. This action was consolidated with docket number 109248 by judgment dated February 7, 2022.

On March 4, 2022, Ms. Stern filed a motion to recuse Judge Earles. After a hearing before an ad hoc judge, Judge Earles was recused in a judgment dated June 30, 2022. The case was reallotted to Judge Blanchet.

In Texas, Judge Heppard ruled that Texas was Christian's home state and her court had jurisdiction of the custody dispute on September 8, 2021. On March 10, 2022, Judge Heppard ruled that Mr. McNeil is the biological father of Christian. The court granted custody to Ms. Stern and supervised visitation to Mr. McNeil, citing his refusal to return the child to Ms. Stern's custody.

On June 24, 2022, Ms. Stern filed into the record of these proceedings the order issued by Judge Heppard in Texas on March 10, 2022. By letter, she requested that the order of the Texas court be registered in this case pursuant to La.R.S. 13:1827 and La.Ch.Code art. 1306.5. Mr. McNeil timely filed an objection to the registration of the Texas order, and Judge Blanchet set a hearing for August 24, 2022.

At the hearing set for August 24, 2022, three issues were before the court: the December 20, 2021 petition to annul filed by Ms. Stern, a motion in limine not relevant to the issues in this appeal, and the request to register the Texas order filed by Ms. Stern on June 24, 2022. The parties entered into a stipulation to settle the

4

jurisdictional issues between the Texas and Louisiana courts, setting forth a framework for reaching an agreement in this case. After a ZOOM conference among the parties, their attorneys in Louisiana and Texas, Judge Heppard and Judge Blanchet, the parties were unable to perfect a settlement. The matters originally set for August 24, 2022, were reset for October 26, 2022, and continued on December 20, 2022.

Following two days of trial, the trial court issued written reasons for judgment on February 10, 2023. The trial court found that the August 2, 2021, judgment should not be annulled based on the argument that Texas is the home state of the child. The trial court specifically found that as of March 4, 2021, the date that Mr. McNeil filed his original petition in this case, Ms. Stern and Christian were domiciled in Louisiana, and thus Louisiana, not Texas, was the home state of the child for the purposes of this case. The trial court found that the failure of Judge Earles to communicate with Judge Heppard in Texas is not a ground for nullification of the August 2, 2021 judgment. The trial court did find that the August 2, 2021 judgment was a nullity because it was signed after Judge Earles issued a stay order on July 26, 2021, pending supervisory review of the issue of subject matter jurisdiction. The trial court also found that Mr. McNeil acknowledged that he was the father of Christian by authentic act dated February 21, 2021, and that Ms. Stern has been in possession of that document since that date. He thus determined the issue of Mr. McNeil's paternity is moot. The trial court declined to register the Texas order, finding that the March 10, 2022, judgment of Judge Heppard is a nullity because of the failure of the Texas court to follow the requirements of the UCCJEA once the Louisiana court determined it had subject matter jurisdiction. The court further found that Mr. McNeil has a defense to the Texas order specifically as it addresses child support because Mr.

McNeil has a defense under the laws of this state in that he has had sole custody of Christian since June 2021.

The trial court issued a judgment on February 10, 2023 (1) declaring the August 2, 2021 judgment null, (2) making the hearing officer recommendation of July 21, 2021 the temporary order of the court, (3) setting a hearing on permanent custody for March 15, 2023, (4) denying the petition for nullity on the grounds of lack of subject matter jurisdiction and failure to communicate with the Texas court, (5) denying as moot the claim that the August 2, 2021 judgment is null because of the failure to enter into the record Mr. McNeil's acknowledgement of paternity, and (6) denying the request of Ms. Stern to register the Texas order.

## ASSIGNMENT OF ERROR

Ms. Stern now appeals the judgment of the trial court, asserting four assignments of error:

1. The trial court committed legal error in denying Ms. Stern's *Registration of Foreign Order*, and, in essence, granting Mr. McNeil's *Opposition to Registration of Foreign Order* under La.R.S. 13:1827(D) and La.Ch.Code art. 1306.6, without a contradictory hearing.

2. The trial court committed legal error in denying Ms. Stern's *Registration of Foreign Order*, and, in essence, granting Mr. McNeil's *Opposition to Registration of Foreign Order*, by placing the burden of proof on Ms. Stern to show why the Texas court's child custody order was valid, rather than placing the burden of proof on Mr. McNeil to show why the Texas court's child custody order was invalid, under La.R.S. 13:1827(D).

3. The trial court committed legal error in denying Ms. Stern's *Registration of Foreign Order*, and, in essence, granting Mr. McNeil's *Opposition to Registration of Foreign Order*, by (1) failing to recognize the Texas court's child support order as controlling under La.Ch.Code art. 1302.7, (2) finding that Mr. McNeil had a defense to enforcement of the Texas court's child support order under La.Ch.Code art. 1306.7, and (3) finding that Mr. McNeil met his burden of proof.

4.    The trial court committed legal error in denying Ms. Stern's *Petition to Annul Judgment* on the basis of subject matter jurisdiction, inter alia, by misapplying the UCCJEA and interpretive jurisprudence.

Ms. Stern further asserts that these four assignments of error can be condensed into one issue: whether Texas or Louisiana is Christian's home state under the UCCJEA.

## DISCUSSION

On appeal, we review a ruling on whether a court has subject matter jurisdiction *de novo*. *Banerjee v. Banerjee*, 17-245 (La.App. 3 Cir. 12/13/17), 258 So.3d 699.

> Louisiana courts have jurisdiction over a minor's status in a "proceeding to obtain the legal custody of a minor if he is domiciled in, or is in, this state." La.Code Civ.P. art. 10(A)(5). However, a second tier of inquiry into the jurisdiction over custody issues exists under the UCCJEA, La.R.S. 13:1801, *et seq.* Even if a Louisiana court has subject matter jurisdiction, that jurisdiction must be declined based on limitations imposed by the UCCJEA. *Albitar v. Albitar*, 16-167 (La.App. 5 Cir. 6/30/16), 197 So.3d 332. The UCCJEA's limitation on jurisdiction was designed to avoid jurisdictional competition among states, to "assur[e] that custody litigation takes place in the state with which the child and his family have the 'closest connection' and where relevant evidence is located, promot[e] a stable home environment, deter[ ] abductions, and encourag[e] cooperation among the courts of different states." *Id.* at 345, *quoting Stelluto v. Stelluto*, 05-74, p. 8 (La. 6/29/05), 914 So.2d 34, 39.

*Id.* at 701-02.

Louisiana Revised Statutes 13:1813 states:

A. Except as otherwise provided in R.S. 13:1816, a court of this state has jurisdiction to make an initial child custody determination only if:

(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state, or had been the child's home state within twelve months before commencement of the proceeding and the child is absent from the state because he was required to leave or was evacuated due to an emergency or disaster declared under the provisions of

7

R.S. 29:721 et seq., or declared by federal authority, and for an unforeseen reason resulting from the effects of such emergency or disaster was unable to return to this state for an extended period of time.

(2) A court of another state does not have jurisdiction or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under R.S. 13:1819 or 1820; and

> (a) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.

> (b) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.

(3) All courts having jurisdiction have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under R.S. 13:1819 or 1820; or

(4) No court of any other state would have jurisdiction under the criteria specified in Paragraph (1), (2), or (3) of this Subsection.

B. Subsection A of this Section is the exclusive jurisdictional basis for making a child custody determination by a court of this state.

C. Physical presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child custody determination.

Thus, the threshold question in determining if the courts of this state have subject matter jurisdiction for the purposes of the UCCJEA is whether Louisiana was the home state of Christian at the commencement of this custody proceeding filed by Mr. McNeil on March 4, 2021. Because Christian was only three months old at the time of the initial filing of this petition for custody, we note the definition of "home state" at La.R.S. 13:1802(7)(a):

"Home state" means the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. In the case of a child less than six months of age, the term means the

state in which the child lived from birth with any of the persons mentioned. A period of temporary absence of any of the mentioned persons is part of the period.

The evidence presented at trial showed that Christian was born in Texas on December 1, 2020. Ms. Stern had a Caesarian section and remained in Texas with Christian to convalesce until January 2, 2021. She returned to Abbeville, Louisiana, where she rented a trailer and exercised visitation with her older child who lived in Louisiana on a 2-day/2-day/3-day schedule. She remained in Abbeville for at least fifty-one of the sixty-one days between January 2, 2021 and March 4, 2021. As reflected in Christian's medical records, Ms. Stern indicated to the social worker at the hospital where Christian was born that her home address was in Abbeville, and she received Louisiana unemployment benefits and Louisiana food stamps during this time. While Ms. Stern listed an address in Texas as her mailing address on certain documents, she consistently provided her address in Abbeville on legal documents, including the document Mr. McNeil signed acknowledging paternity of Christian and the document correcting Christian's birth certificate to add Mr. McNeil as his father. Ms. Stern also signed Christian up for Louisiana Medicaid when she returned to Louisiana in January 2021.

We also note that Ms. Stern lived in a home in Erath, Louisiana, with Sammie Hardy, from July 2020 through October 1, 2020, before Christian's birth. Ms. Stern testified she only stayed in the home with Ms. Hardy when she had custody of her older son, and otherwise she returned to Texas. Ms. Hardy testified that Ms. Stern only returned to Texas one weekend a month. Ms. Hardy assisted Ms. Stern with the move to the residence in Abbeville in October 2020, the same residence where Ms. Stern resided when she returned to Louisiana after Christian was born.

Further, Ms. Hardy testified that Ms. Stern told her she wanted her child to be born in Texas, and that if she went into labor early, Ms. Hardy should drive her to the Texas border. According to Ms. Hardy, Ms. Stern wanted to avoid dealing with the custody issues in Louisiana.

Ms. Stern argues in this court that the fact that Christian was born in Texas is dispositive of the issue of his home state, and thus the jurisdictional issue. She cites *In re Calderon-Garza*, 81 S.W.3d 899 (Tex.App. 2002). In *Calderon-Garza*, the mother and father met and had a relationship while both were in medical school in Guadalajara, Mexico. At the time of the child's birth, the mother lived in Mexico and the father lived in New York. The mother traveled to her parents' home in El Paso, Texas, to deliver the child. The child was born on January 27, 2001, in El Paso. The father visited from New York twice, but never resided in Texas. When the child was three months old, on or about March 25, 2001, the mother and the child returned to her home in Mexico. The father filed a petition to establish paternity of the child in Texas on March 26. The mother contended that the child's home state pursuant to the relevant UCCJEA provision identical to La.R.S. 13:1802(7)(a) was Mexico, and that the child was only temporarily absent from Mexico from the time of his birth until the day before the petition was filed in the Texas court. She urged the Texas court to refuse jurisdiction. The Texas court of appeal ruled that the child could not be temporarily absent from Mexico because he had never lived there.

We find the facts of *Calderon-Garza* distinguishable. Christian lived with his mother in both Texas and Louisiana before Mr. McNeil filed his petition in Louisiana. Thus, either Texas or Louisiana could be Christian's home state.

The evidence at trial shows that Ms. Stern lived in Louisiana immediately preceding Christian's birth. She returned to Texas to give birth, and, before she

had even been cleared by her physician to drive, she returned to her residence in Abbeville on January 2, 2021. She remained in Abbeville for forty-one of the next fifty days before Mr. McNeil filed his petition for custody on March 4, 2021. She was in Louisiana at her Abbeville home when she was served with the petition and the temporary restraining order on March 10, 2021. We find that Louisiana was the home state of Christian on the date of the commencement of the action in Louisiana. La.R.S. 13:1813(A)(1).

Because we find no error in the trial court's judgment that Louisiana, not Texas, has jurisdiction over this custody matter, we also find the trial court did not err by refusing to register the Texas order. The trial court clearly held a two-day hearing, and thus the first assignment of error is without merit. The trial court did not err in recognizing a defense to the registration of the order pursuant to La.Ch.Code art. 1306.7(A)(5), in that Mr. McNeil has had exclusive custody of Christian since June 2021. Thus, we find no merit in assignments of error two and three.

## CONCLUSION

We once again find that the Fifteenth Judicial District Court has subject matter jurisdiction of this custody proceeding. The case is remanded for further proceedings. Costs of this appeal are assessed to Ms. Stern.

**AFFIRMED.**

11