# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 24-265


**DAVID MORGAN SESSIONS**

**VERSUS**

**ABBYGAIL WILKERSON**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
THIRTY-FIFTH JUDICIAL DISTRICT COURT
PARISH OF GRANT, NO. C-26935
HONORABLE WARREN D. WILLETT, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


**SHARON DARVILLE WILSON
JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of Elizabeth A. Pickett, Sharon Darville Wilson, and Guy E. Bradberry, Judges.


**AFFIRMED.**

**Adam G. Huddleston**
**Howell D. Jones, IV**
**Carolyn O. Hines**
**Jones Law Partners**
**Post Office Box 14558**
**Alexandria, Louisiana  71315**
**(318) 442-1515**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **David Morgan Sessions**

**Stephen J. Spurgeon**
**Law Office of Stephen Spurgeon**
**140 Windermere Boulevard, Suite A**
**Alexandria, Louisiana  71303**
**(318) 616-5677**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Abbygail Wilkerson**

**WILSON, Judge.**

David Morgan Sessions (Mr. Sessions) appeals the trial court's ruling that Louisiana retains continuing jurisdiction over the minor child, E.G.W.[1]

## I.

### ISSUES

Mr. Sessions asserts one assignment of error: that the trial court erred in denying his exception to jurisdiction and motion transfer the case back to Marion County, Texas.

## II.

### STANDARD OF REVIEW

"On appeal, we review a ruling on whether a court has subject matter jurisdiction *de novo*." *McNeil v. Stern*, 23-314, 23-315, p. 7 (La.App. 3 Cir. 9/27/23), 371 So.3d 1187, 1192, *writ denied*, 23-1431 (La. 1/10/24), 376 So.3d 847.

## III.

### FACTS AND PROCEDURAL HISTORY

E.G.W. was born on August 4, 2020. Her parents are Mr. Sessions and Abbygail Wilkerson (Ms. Wilkerson). Mr. Sessions and Ms. Wilkerson were never married, but they entered into a consent judgment, which granted them joint custody of E.G.W., with the parties exchanging custody weekly. The consent judgment was signed on August 31, 2021, by Judge Warren D. Willett of the Thirty-Fifth Judicial District Court in Grant Parish, Louisiana.

---

[1] The parties use the initials "E.G.W." in their briefs; however, trial testimony established that the child's initials from her birth certificate are "E.G.S."

At some point in 2022, Ms. Wilkerson admittedly delegated her custodial responsibility to Tonya Sessions (Ms. Sessions), E.G.W.'s paternal grandmother, in Louisiana. From the testimony, it appears that E.G.W. primarily stayed in Texas with Mr. Sessions' girlfriend, Amber Tigert (Ms. Tigert),[2] from January to June of 2023. During this time, Ms. Sessions would keep E.G.W. one week or weekend per month. E.G.W. went to doctor's appointments in both Texas and Louisiana. At some point after June of 2023, Mr. Sessions and his mother had a dispute about Ms. Wilkerson's being involved in E.G.W.'s care, and he stopped allowing Ms. Sessions to have custody of E.G.W. Sometime around August 4, 2023 (E.G.W.'s birthday), Ms. Wilkerson obtained physical custody of E.G.W. and refused to return her to Mr. Sessions.

On August 16, 2023, Mr. Sessions filed a "Petition to Modify Parent-Child Relationship" in Marion County, Texas. He alleged that Ms. Wilkerson was unable to care for E.G.W. and that she had voluntarily relinquished "the actual care, control, and possession of the child."[3] Mr. Sessions further alleged that he had physical custody of E.G.W. in Texas for at least six months. The pleadings allege that Mr. Sessions moved to Texas on September 1, 2022.[4] On August 17, 2023, the Texas court issued a temporary restraining order (TRO) preventing Ms. Wilkerson from

_____

[2] Mr. Sessions and Ms. Tigert were married on August 18, 2023.

[3] Attached to the pleading is a document purportedly signed by Ms. Wilkerson on March 23, 2022. The document is notarized and states that Ms. Wilkerson grants provisional custody of E.G.W. to Ms. Tigret in Lonestar, Texas, to provide for the health, education, and welfare of the child "as provided by the law of provisional custody." However, Judge Willett determined that this document is a fraudulent alteration of a document signed by Ms. Wilkerson on March 23, 2022, to allow Ms. Sessions to take E.G.W. to doctors' appointments without Ms. Wilkerson being present.

[4] At trial, Mr. Sessions testified that he moved to Texas in November of 2021. Ms. Tigert testified that he moved to Texas at the end of September of 2022.

2

disturbing the peace of the child, withdrawing the child from the school or day-care facility in which she is enrolled, hiding or secreting the child from Mr. Sessions, and making disparaging remarks regarding Mr. Sessions or his family in the presence or within the hearing of E.G.W.

On September 25, 2023, in the Thirty-Fifth Judicial District Court of Louisiana, Ms. Wilkerson filed a motion to modify custody and child support based on an allegation that Mr. Sessions had recently moved to Lonestar, Texas, and was residing with his then-girlfriend, Ms. Tigret. She sought to have the custody arrangement modified so that she would have primary custody with Mr. Sessions having custody every other weekend.

On September 25, 2023, in the Thiry-Fifth Judicial District Court of Louisiana, Mr. Sessions filed a "Motion to Continue Protective Order Hearing Until Rule Hearing, Motion to Transfer Jurisdiction to Texas, Peremptory Exception of No Cause of Action Regarding Relocation and Protective Order, Declinatory Exception of Insufficient of Service and Citation, Answer, Rule for Child Custody, Rule for Child Support, Rule for Contempt of Court, Motion to Consolidate and Incorporated Memorandum of Law."

A hearing was held in Louisiana on October 10, 2023. Pursuant to La.R.S. 13:1818(B), Judge Willett conferred with Judge Dean Fowler, the judge presiding over the litigation in Marion County, Texas, concerning the evidence and testimony adduced at that hearing. On October 12, 2023, Judge Willett signed a "Minute Entry of Court Communication" staying the Louisiana proceedings pending Judge Fowler's determination of whether or not Louisiana is the more appropriate forum. On October 16, 2023, Judge Willett signed a "Minute Entry of Second Court Communication" stating that:

3

Judge Fowler advised that he reviewed the evidence presented by Mr. [] Sessions[,] which had indicated that the child had resided in Texas and been enrolled in the Texas Medicaid program until [Ms.] Wilkerson took the child back to Louisiana. I advised Judge Fowler that I was uncertain what effect the child's continued monthly visits in Louisiana would have on the establishment of Texas as the home state, given that Mr. Sessions continued to work in Louisiana and only stayed in Texas on the weekends until recently. Judge Fowler and I agreed that while Texas may have jurisdiction under the [Uniform Child Custody Jurisdiction and Enforcement Act,] UCCJEA, Louisiana clearly retains jurisdiction given the prior custody judgment, the mother residing here, the father's continued work here[,] and the child's monthly visits with the paternal grandmother and mother. Judge Fowler agreed that given those contacts, Louisiana would be the more appropriate, convenient forum. Judge Fowler indicated that he would be dismissing the Texas proceeding.

On January 25, 2024, Judge Willett signed a judgment stating that "Louisiana retains continuing jurisdiction over the minor child, . . ., that Louisiana is the more convenient forum[,] and the proceedings in Louisiana shall proceed[] according to Louisiana law." The judgment was designated as a final judgment, and Mr. Sessions appeals. For the reasons that follow, we affirm the trial court's ruling.

## IV.

## LAW AND DISCUSSION

The jurisdictional limitations imposed by the UCCJEA further its purposes, "including avoiding jurisdictional competition, assuring that custody litigation takes place in the state with which the child and his family have the 'closest connection' and where relevant evidence is located, promoting a stable home environment, deterring abductions, and encouraging cooperation among the courts of different states." *Albitar v. Albitar*, 16-167, p. 18 (La.App. 5 Cir. 6/30/16), 197 So.3d 332, 345 (*quoting Stelluto v. Stelluto*, 05-74, p. 8 (La. 6/29/05), 914 So.2d 34, 39).

4

According to La.R.S. 13:1802(7)(a), "'Home state' means the state in which a child lived with a parent or person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding."

Ms. Wilkerson contends that the Texas court did not have jurisdiction to modify the Louisiana judgment and that Louisiana, not Texas, is E.G.W.'s home state. Mr. Sessions contends that the action by the Texas court in issuing a TRO is, on its face, an assertion of subject matter jurisdiction such that his "request for relief for the dismissal of the pending Louisiana proceedings over this custody dispute should be granted peremptorily for the lack of subject matter jurisdiction." He argues that La.R.S. 13:1818(A) specifically states that a Louisiana court:

> may not exercise its jurisdiction under this Subpart if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction substantially in conformity with this Act, unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum under R.S. 13:1819.

This argument, however, does not address the provisions of La.R.S. 13:1814(A), which state the Louisiana court that has made an initial child custody determination maintains:

> exclusive, continuing jurisdiction over the determination until:
>
> (1) A court of this state determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or
>
> (2) A court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state.

5

Mr. Sessions also cites *Hebert v. Hebert*, 18-499 (La.App. 3 Cir. 3/27/19), 269 So.3d 831, in support of his argument that Louisiana no longer has jurisdiction in this matter. In *Hebert*, this court found that Louisiana no longer had exclusive jurisdiction because the children had resided in Texas for eighteen months prior to the commencement of the visitation proceeding at issue and because the only remaining connection to Louisiana was that the father and his family resided there. In *Hebert*, 269 So.3d at 834, this court noted that "[t]he law and jurisprudence require more than just the fact that one parent continues to reside in this State." This court went on to state that "[t]o determine the more appropriate forum in which this matter should be heard[,] we are required to make a comparative determination of which court's jurisdiction serves the best interest of the child." *Id.* This court found that the trial court focused more on the parents' concerns rather than on the best interest of the child. After conducting a de novo review, this court determined that the Texas court was in a better position to hear the matter because almost all witnesses were located in Texas, the child had not seen a doctor in Louisiana nor attended school in Louisiana in over two years, and the child did not attend church in Louisiana. The court recognized the importance of fostering a relationship with the child's father's family but concluded that "the mere presence of the father and his family in Louisiana is not a basis to continue to exercise our court's jurisdiction long after Louisiana is no longer the child's home state." *Id.* at 836.

We find that *Hebert* is distinguishable. Judge Willett noted that "the selective memory of the witnesses along with their lack of candor" make it difficult to determine the child's residence/custodial care after the August 31, 2021 judgment. The amount of time she spent in Texas is uncertain.

6

Ms. Tigert did obtain Texas Medicaid benefits for E.G.W. and take her to various doctors in Dallas and Mount Pleasant, Texas. E.G.W. also went to a babysitter in Texas; however, it is unclear how often that was.

Mr. Sessions testified that he put down a Dry Prong, Louisiana address on his 2022 tax return even though he was not living there at the time. He obtained a Texas driver's license on May 5, 2023.

Ms. Sessions testified that her son did not legally become a resident of Texas until May of 2023 and that until then, he was working in Louisiana, banking in Louisiana, and had his vehicles registered in Louisiana. She did acknowledge that he was staying in Texas when he was not working. Ms. Sessions testified that until the end of the summer of 2022, E.G.W. stayed a week with her and then would go to Mr. Sessions for a week. After the summer of 2022, E.G.W. "went to [Mr. Sessions], and then she would come back to me for like a week out of the month." Ms. Sessions testified that when her daughter went to Texas to pick up E.G.W. in August of 2023, Mr. Sessions said that it would be the last time E.G.W. would come to Louisiana. According to Ms. Sessions, she told Ms. Wilkerson this, and Ms. Wilkerson decided not to send E.G.W. back to Texas.

E.G.W. is only four years old. Mr. Sessions acknowledged, in brief, that E.G.W. "simply hasn't aged and matured enough to have the contacts that were present in the *Hebert* matter." E.G.W. has spent the majority of her four years in Louisiana. Following our de novo review of the record, we agree with Judge Willett and Judge Fowler that Louisiana retains jurisdiction over matters related to her custody under the UCCJEA and find no error in the trial court's ruling that Louisiana is the more convenient forum and that all future proceedings shall be conducted according to Louisiana law.

7

# V.

## <u>CONCLUSION</u>

We find that the Thirty-Fifth Judicial District Court of Louisiana has continuing jurisdiction over this custody proceeding. The trial court's January 25, 2024 judgment is affirmed, and all costs of this appeal are assessed to David Morgan Sessions.

**AFFIRMED.**